Ezequiel Ramo
_____
FULL NAME

North Kern State Prison
_____
COMMITTED NAME (if different)

P.O. Box 5005 Delano, CA 93216.
_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

CDCR No. BJ4621
_____
PRISON NUMBER (if applicable)



FILED
CLERK, U.S. DISTRICT COURT

DEC 26 2023

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Ezequiel Ramo
_____
PLAINTIFF,

v.

City of Los Angeles, et al.,
Eric W. Siddall
_____
DEFENDANT(S).

CASE NUMBER **CV23-10864-AB (PVC)**
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____1_____

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

Ramo v. Cate Case No. 2:11 CV 2898 DAD August 29. 2014. (plaintiff was on court order to be resentenced and defendants' violated plaintiffs first-eight-fourteenth amendments' placing on contraband surveillance watch without notice when notice of placement for administrative segregation (2009) (similar constitutional violations).

a.  Parties to this previous lawsuit:
    Plaintiff  _Ezequiel Romo_

    Defendants  _DIRECTOR OF CALIFORNIA DEPARTMENT OF_
    _CORRECTIONS AND REHABILITATION, CDCR MATHEW CATE,_
b.  Court  _EASTERN DISTRICT_

c.  Docket or case number  _CASE NO. 2.11 CV 2898 DAD_
d.  Name of judge to whom case was assigned  _DADROLD._
e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it
    appealed?  Is it still pending?)  _SETTLEMENT_
f.  Issues raised:  _RETALIATION FOR LEGITIMATE COURT - ORDER_
    _TO BE RESENTENCED ; DEFENDANTS PLACED PLAINTIFF_
    _ON CONTRABAND SURVEILLANCE WATCH._
g.  Approximate date of filing lawsuit:  _NOVEMBER 2011_
h.  Approximate date of disposition  _AUGUST 14, 2016_

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred?  ☑ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☑ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

    _____

3.  Is the grievance procedure completed?  ☑ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff  _Ezequiel Romo_
                                                                      (print plaintiff's name)
who presently resides at  _NKSP . P.O. BOX 5005 DELANO CA 93216_ ,
                                        (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_City of Los Angeles_
                    (institution/city where violation occurred)

on (date or dates) _See Attached_     _See Attached_     _See Attached_ .
                   (Claim I)            (Claim II)           (Claim III)

**NOTE:**     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _Eric W. Siddall_ resides or works at
    (full name of first defendant)
    _211 W. Temple St Los Angeles CA 90012_
    (full address of first defendant)
    _Deputy District Attorney SBN 246599_
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

    Explain how this defendant was acting under color of law:
    _Prosecution, Deputy District Attorney abuse of_
    _discretion under color of law public official._

2.  Defendant _Robert Luna_ resides or works at
    (full name of first defendant)
    _441 Bauchet St LA CA 90012_
    (full address of first defendant)
    _Deputy Sheriff of LASD_
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

    Explain how this defendant was acting under color of law:
    _Sheriff of Los Angeles Sheriff's Department (LASD)_
    _Responsible for Mens Central Jail Operations_

3.  Defendant _James Fillmore_ resides or works at
    (full name of first defendant)
    _211 W. Temple St. Los Angeles CA 90012_
    (full address of first defendant)
    _Detective Los Angeles Police Department._
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

    Explain how this defendant was acting under color of law:
    _Abuse of discretion under color of authority_
    _Criminal arrest record 2016 and 2022_

---

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _SEE ATTACHED_ , _SEE ATTACHED_ , _SEE ATTACHED_ .
(Claim I)                      (Claim II)                    (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _JOSE CARLOS FARIAS (WITNESS NO.2)_ resides or works at
(full name of first defendant)
_211 W. TEMPLE ST. SUITE 11 FLOOR 1A CA 90012_
(full address of first defendant)
_JAILHOUSE INFORMANT "GANG EXPERT"_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_JAILHOUSE INFORMANT VIOLATED STIPULATED "IMMUNITY"_
_PLEA AGREEMENT_

2. Defendant _CYNTHIA VALDEZ_ resides or works at
(full name of first defendant)
_211 W. TEMPLE ST. SUITE 11th FLOOR 1A CA 90012_
(full address of first defendant)
_CO-DEFENDANT_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_VIOLATED STIPULATED PLEA AGREEMENT AND PLEA_
_BIL-AMENDMENT VIOLATED PLAINTIFF'S 14th AMENDMENT_

3. Defendant _SANTOS MARTINEZ_ resides or works at
(full name of first defendant)
_NKSP P.O. BOX 5005 DELANO CA 93216_
(full address of first defendant)
_JAILHOUSE INFORMANT_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_SIGNED A WAIVER OF LIABILITY AND REVOKED FOR_
_PROTECTIVE CUSTODY MAY 2023 ALREADY "JAILHOUSE INFORMANT"_

---

4.   Defendant   Nidia Marissa Molina _____ resides or works at

(full name of first defendant)

14654 Northoff St Panorama Ca 91402

(full address of first defendant)

Grand Jury Witness

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

People v. Molina Case No. LA087605; Plea Agreement Dismissal

5.   Defendant   Joseph Santos Pech _____ resides or works at

(full name of first defendant)

19612 Strathern St Van Nuys Ca 91403

(full address of first defendant)

Jailhouse Informant

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

Violated Stipulated Plea Agreement See Proffer of Jairo Cisneros March 14. 2023

4. Defendant MATTHEW ORMSETH resides or works at
(full name of first defendant)
2300 E. IMPERIAL HIGH WAY EL SEGUNDO CA 90245
(full address of first defendant)
STAFF WRITER LOS ANGELES TIMES.
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
STAFF WRITER PUBLISHED FALSE STATEMENTS AND
VIOLATED PLAINTIFFS FIRST - AMENDMENT MEDIA CONTENT

5. Defendant JAIRO CISNEROS (WITNESS NO. 1.) resides or works at
(full name of first defendant)
211 W. TEMPLE ST SUITE 11TH FLOOR LA CA 90012
(full address of first defendant)
JAILHOUSE INFORMANT
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
WAIVED MIRANDA RIGHTS APRIL 25-2018 JAILHOUSE
INFORMANT VIOLATED " IMMUNITY" AS STIPULATED .

## D. CLAIMS*

**CLAIM I**

The following civil right has been violated: See Attached:
additional
(pages 1 - 75)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right. See Attached
additional
(pages 1 - 75)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**CIVIL RIGHTS COMPLAINT**

CV-66 (7/97)                                                                                      Page 5 of 6

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Plaintiff request Demand for Jury Trial and Declaration of Constitutional Established Rights under Established law;

(i) A Court-Order Cease and Desist of all social media content; Delete all reference of plaintiff without consent of personal image and all under the Los Angeles Times article the story of Ezequiel Romo;

(ii) Enforce each stipulated plea-agreement as a collateral consequence of plaintiff's statutory rights each defendant violated based on his or her testimony during jury trial;

(iii) Declare all rights according to proof by defendants' actions and inactions each liable Nominal, compensatory and punitive damages awarded; settlement offers and all costs incurred expenses;

(iv) Any remedy and injunctive or declaratory relief deemed equitable by the court in the litigation of redress of Governmental arbitrary actions denied see people of the State of California J. Blythe Street gang (injunction) case no. VC070525 (June 7. 2021)

Plaintiff seeks declaration of constitutional rights and the amount of 20 twenty million dollars in violation of personal image without consent and deliberate indifference irreparable harm.

DECEMBER 17th 2023
_(Date)_

Ezequiel Romo
_(Signature of Plaintiff)_

Introduction:

Plaintiff, Ezequiel Romo, moves the Court to enforce his Constitutional Rights established by law under 42 U.S.C. Section 1983.

Defendants' The City Of Los Angeles And Eric W. Siddall; The Los Angeles Sheriff's Department Robert Luna; The Los Angeles Police Department LAPD, James Kilmore each And those John And Jane Doe(s) To Be Identified Through Fed. R. Civ. P., Discovery Violated (Plaintiff(s) First- Eighth- Fourteenth Amendments' And Statutory Rights Mandated Under California Constitution And Legislative Intent:

Eric W. Siddall, Abuse Of Discretion And Misconduct Penal Code Section 1425.5 (a)(1):

Denial Of An Notice Of Settlement Agreements Hearing(s) See People Of The State Of California V. Blythe Street gang (injunction) Case No.: LC020525 (June 7 2021) Based On hearing Of December 2. 2016: Eric W. Siddall And James Kilmore By Design In The Dismissal Of Case No. LA087930 And PA090391 "Immunity" And Veracity Of Witness Supersede Secret Indictment Under Protective Order Withheld, Altered, Suppressed, Lost "Brady Material" See People V. Romo, et al, Case No. BA475969. (Plaintiff, herein does Not Challenge Criminal Conviction (April 25. 2023) An Collateral Consequence(s) Of Abuse Of

Discretion and under color of authority and public office truth-in-evidence California Constitution Art. 2 Sec 28:

California District Attorneys Association uniform crime charging standards 44:

- Counsel should compare the attributes of the codefendants with these criteria to show unfair or unequal law enforcement.

Plaintiff, filed a Marsden motion and ineffective assistance of counsel July 21, 2023;

A California prosecutor's obligation to provide exculpatory and impeachment information arises from the federal due process clause of the fourteenth amendment constitutionally mandated discovery.

District Attorney refused to sign off on court trial February 17, 2023, DDAI Eric W. Siddall proposed dismissal of all special allegations if (plaintiff) waived jury trial:

On March 7, 2023 Eric W. Siddall, vice president of L.A. DDAI stated in Daily News of verdict of Marsy's law verdict should send a strong message to Moscow, violated the ethical and statutory duties of prosecutors; on May 2, 2023 Eric W. Siddall and L.A. Times article violate the same ethical and statutory duties under section 679.10 (California law enforcement agencies and prosecutors to verify (third parties) a witnesses cooperation.

Claim I.

Under The U.S. Constitution First And Fourteenth Amendments' A State May Not Criminalize The Exercise Of The Right Simply Because It's Exercise May Offend Some People.

A.

Defendants' The City Attorney's Office Filed For An Injunction (February 22, 1993) People V. Blythe Street Gang, Los Angeles Superior Court Case No. LC 020525 Against As Many As (500) Five-Hundred Gang Members, Became Permanent In 2006.

Defendants' Failed To Issue Plaintiff All Notice And Violated Procedural Due Process In Denial Of All Gang Injunction Procedure(s).

On February 20, 2013 Settlement Entitled, Policy Makers, Including Mayor, City Council The Office Of City Attorney And The LAPD, Issued April 9, 1993.

On December 2, 2016 Defendants' Final Hearing And Failed To Issue Plaintiff All Notice.

On March 24, 2017 Final Judgement Approval Served Prior On September 13, 2017 Settlement Closed.

On June 7, 2021 A Court Hearing About The Settlement, Defendants' Denial Of Serving All Notice To Plaintiff.

In March 1997, The ACLU Foundation Of Southern California filed a Request Under The California Public Records Act With The LAPD, For Six (6) year Period From 1991 Through 1996:

Defendants' Arrested Plaintiff In 1996 See People V. Romo Case No. PA021710 And Any Notice Of Gang Injunction Was Denied:

The Blythe Street Gang Injunction Is Analyzed And Discussed Of The Effectiveness Of Gang Injunctions. In 2010, The State Of California Surpassed a Total Of 150 Gang Injunctions:

In 2007, New Guidelines Announced Mandated Significant Changes In Civil Injunction Procedure(s)" Police Will Have To Present The City Attorney's Office With Evidence That Proves, Beyond a Reasonable Doubt, That a Person Is An Active Gang Member Before Adding That Person To An Injunctive List Will Be Able To Petition For Removal From It By Proving That They Are No Longer Active, Or Never Were Active In a Gang."

Defendants' Each Failed And Denied Plaintiff All Notification To The Gang Injunction And Each Court Hearing And Settlement Hearing.

Eric W. Siddall, Deputy District Attorney And Head Of Hardcore Gang Suppression Unit Was Deliberate And Indifferent In Abuse Of

Discretion, Under Color Of Authority And Public Office To Established Laws; Each Defendants' Having Notice Of Applicable Laws And Procedures Denied Plaintiff a First-Amendment to Petition The Government In all Hearings And Settlements.

California has Created a Gang Database Called CalGangs, Which Tracks Some (200) Two-Hundred Datapoints Of Personal Information And Gang Related Information:

"There is a High Price To Pay if a Police Officer Uses his Or her Discretion To Label Someone a Gangmember".

Defendants' Eric W. Siddall, As The Prosecutor And Hardcore Gang Division And Crimes Against Peace Officer's Division. Withheld James Fillmore Arrests And Public Intoxication February 2016 And April 2022 all while James Fillmore Was An Investigative Detective And Conspired to Attain a U-Visa After (Witness No.1) having Already Been Denied; The Timing Of Dismissals And James Fillmore Involvement Collateral Consequence Of Eric W. Siddal Design Under Public Office And Abuse Of Discretion.

The Court-Order Of Prosecutor Granted By The Judge to Photograph Each Criminal Defendant And Selective Of Personal Image Of Plaintiff Without a T-Shirt; Eric W. Siddall Was The Source Of All Information Given To Mathew

Ornseth to be published on the front page of the Los Angeles Times and Social-Media and Broadcasts on News:

Defendants' Mathew Ornseth, Staff Writer for the Los Angeles Times, was present during Jury trial and Printed false and Misleading Information:

On May 2. 2023 the Los Angeles Times Article Misquoted and Errored Misidentified Witnesses Subjective of Modern Day Public Humiliation and Scorn of a Personal Image and not the February 9. 2023 Court-Order Photograph of Plaintiff Shows a Deliberate Intent Between Defendants' Eric W. Siddall And Mathew Ornseth Similar News Articles Generated On Social-Media.

Defendants' John Doe(s) One Unidentified And You-Tube Barrio Tales without Consent Published the Los Angeles Times Article Under the Story Of Ezequiel Romo Based On Eric W. Siddall And Mathew Ornseth Design Violate Plaintiff's First-Amendment:

Barrio Tales, John Doe One Unidentified is Wearing a Mask to hide his Personal Image And Identity Violating Plaintiff's First-Amendment without Consent of Personal Image And libel for Defamation Of the Story Of Ezequiel Romo Based On the Los Angeles Times Article ; Creating a false

PERSONA UNDER CONTENT AND ALL PROFITS AND
MONETARY FINANCIAL GAIN THROUGH VIEWS
AND COMMENTS, SUBSCRIPTIONS OF MEDIA CONTENT.

DEFENDANTS' SIDDALL, ORNSETH, BARRIO TALES
EACH FAILED TO MENTION THE BLYTHE STREET GANG
INJUNCTION SETTLEMENT AND MAY 29, 1997 ARTICLE
BY JULIE TAMAKI, LOS ANGELES TIMES SHOWING A
SUBJECTIVE DELIBERATE INTENT.

DEFENDANTS' THE LOS ANGELES POLICE DEPARTMENT
AND DETECTIVES RESISTED THE CONCEPT OF USING
SOCIAL-WORK APPROACHES TO OVERCOME GANG
VIOLENCE. INSTEAD, IT USED HEAVY-HANDED SUPPRESSION
TACTICS TO COMBAT VIOLENT GANG ACTIVITY. (TOM
JACKMAN, SOCIAL PROGRAMS TO COMBAT GANG SEEN
IS MORE EFFECTIVE THAN POLICE, WASHINGTON POSTS
JULY 18, 2007)

PLAINTIFF, WAS EMPLOYED AND VOLUNTEERED SINCE
BEING RELEASED FROM PRISON NOVEMBER 2014, WHILE
ON GPS' GLOBAL POSITION SYSTEM NOT A PAROLE
CONDITION OF ANY CRIMINAL CONVICTION OR ANY
GANG RELATED OFFENSE; RATHER AN ARBITRARY
GOVERNMENT ACTION.

LAPD, MISSION (METRO) DIVISION ARRESTED PLAINTIFF
ON JANUARY 25, 2016 IN PANORAMA CITY AND
INITIALLY CHARGED WITH A GANG ENHANCEMENT
AND GANG CONSPIRACY AT DISCRETION OF POLICE
BAIL WAS IMPOSED AT (30) THIRTY-THOUSAND DOLLARS;
AND THEN RAISED TO ONE-MILLION, AN ABUSE

Of Discretion And At preliminary hearing with testimony Of LAPD, The Judge Dismissed The gang Enhancement And gang conspiracy. PEOPLE V. ROMO CASE NO. DA045555.

The LAPD, HAVE DOCUMENTED ABOUT 350 MEMBERS Of THE Bryant STREET gang And in THE AMENDED gang Injunction complaint Named 96.

The California gang DATABASE, Allows law enforcement OFFICERS To Label Anyone A gang member when The OFFICER BELIEVES The Individual has MET TWO (2) OUT OF TEN (10) CRITERIA.

Plaintiff, WAS SCHEDULED For APRIL 2020 RELEASE And WAS MISIDENTIFIED On Allegations provided By Individuals Investigated And ARRESTED And Chose To Incriminate THEMSELVES BECAME Jail house Informants Only To AVOID Criminal liability And FALSELY Implicate plaintiff BASED On Dismissals Of CASE(S) And Stipulated "Immunity" PLEA DEALS At Design ORCHESTRATED By DEFENDANTS' ERIC W. SIDDALL And JAMES FILLMORE ABUSE OF DISCRETION OMIT EVIDENCE And WITHHOLD And VIOLATE public SAFETY And conflict OF public Interest And MARSY'S law TRUTH-IN-EVIDENCE.

B.

Immunity PROCEDURES In California STATE courts.

The Prosecutor may request in writing that immunity be granted under penal code 1324. If the statutory immunity is sought, the terms are in the statute. If judicial immunity is requested, the request should specify the the following:

• The terms of the agreement

• The subject matter of the testimony that the prosecutor expects to elicit (the prosecutor usually has a written statement from the witness explaining or summarizing his or her proposed testimony.)

• The proceedings at which the testimony will be given.

• Representation of the witness or his or her counsel on the specific content of the witnesse's testimony; and

• The witness promise to testify fully and truthfully in return for the promised grant of immunity.

Defendants' Eric W. Siddall; James Fillmore; Gene Parshall; Esther Gutierrez; Gabrielle Bucknell; Verna; Briscoe; Mayes, and John and Jane Does identified through discovery.

Plaintiff, having not been interviewed in the course of the investigation Defendants' deliberate bias withheld, lost, suppress and altered evidence based on witness interviews

STATEMENTS AND PROFFERS, GRAND JURY TESTIMONY AND JURY TRIAL OF INCONSISTENT STATEMENTS VIOLATED STIPULATED PLEA AGREEMENTS "IMMUNITY" AND BIAS OF "REVENGE" TO AVOID CRIMINAL LIABILITY.

DEFENDANTS' JOSEPH PECH SANTOS WAS ARRESTED AND INTERVIEWED BY DEFENDANT JAMES FILLMORE ON MAY 2. 2019, WAS HOUSED WITH WITNESS JAIRO CISNEROS AND (PECH) STATED HE HAD TO TELL ON A LOT OF PEOPLE, INCLUDING CISNEROS PROFFER MARCH 14, 2023.

DEFENDANTS' ERIC W. SIDDALL WITHHELD ALL EVIDENCE AND STATEMENTS INTERVIEW(S) OF JOSEPH PECH SANTOS BASED ON DISMISSAL OF CASE NO. LA087930 ALL EVIDENCED SEIZED AND THE PERKINS OPERATION.

DEFENDANTS' JOSE CARLOS FARIAS, STARTED COOPERATING MAY 29. 2019 AND INCONSISTENT STATEMENTS AND AUDIO-VIDEO INTERVIEW(S) AND PROFFER(S).

ON JUNE 21, 2021, DEFENDANTS' JAMES FILLMORE; ERIC W. SIDDALL; JOSE CARLOS FARIAS WAS ASKED IF HE KNEW JOSEPH PECH SANTOS DURING THE AUDIO-VIDEO INTERVIEW AND WHEN SHOWN A PHOTOGRAPH RESPONDED "IF THATS HIM".

DEFENDANTS' GENE PARSHALL AND EFREN GUTIERREZ, INTERVIEWED JOSE CARLOS FARIAS FOR TWENTY (20) MINUTES WITHOUT ASSISTANT UNITED STATES ATTORNEY DURING THE AUDIO-VIDEO INTERVIEW (12:36 JOSE CARLOS FARIAS) FABRICATED AN ALIBI WHEN THERE WAS NO FOOTBALL GAME

November 6. 2015 During Jury Trial Defense
Subpoenaed The football Coach Adrian Beltran
And Panorama highschool Business Records
Disproving Jose Carlos farias Alibi. (16:02:
Gene Marshall is giving information To Jose
Carlos farias And 18:11 Gutierrez During
his interview is giving Jose Carlos farias
information.

Defendants' Arrested Jose Carlos farias On
April 26 2017 And his Misleading Statements
Evidenced By Being Shown Evidence And
Questioned when No Personal Knowledge (40:54)
Jose Carlos farias Statement On Audio-video
interview his girlfriend Came To Visit told
him Stuff To help him get a Plea Deal
Based On July 10. 2018 And Grand Jury Testimony
On July 2019.

Defendants' Jairo Cisneros, Was Detained On
December 19. 2017, Defendant Jacqueline Raquel
Reliz Text-message To Defendant Oscar Renee
Molina Of (Jairo) Arrest As She Accompanied
Cisneros.

Defendant Oscar Renee Molina Responded
Detectives looking for Him And Asked Her
To pick him up" Quote".

January 15. 2018 Defendants' Oscar Renee
Molina; Nidia Marissa Molina; Jairo Cisneros
Were Detained And Arrested By Detectives]

People V. Molina Case No. LA087605 All Items Seized
and Docketed.

Defendants' Gutierrez Testimony Of and The
Affidavit February 24, 2018 Search Warrant for
Oscar Renee Molina cell phone data by Comparison
of January 15, 2018 and James Fillmore Grand
Jury Testimony and Bushnell Testimony of
Lost cell phone data.

Defendants' Eric W. Siddall, Abuse of Discretion
Stipulated On Record the loss of Cellphone
data and the Predicate Offense of Oscar Renee
Molina Murder On February 10, 2018 and
The Affidavit of Gutierrez On February
24, 2018 Contradict Testimony And Evidence
of Oscar Renee Molina cell phone data used
by The Prosecutor without Testimony of
James Fillmore The Target cell phones were
Oscar Renee Molina and Jairo Cisneros.

Defendants Alter The Cellphone data of
January 15, 2018 and Withheld Jairo Cisneros
cell phone data and Search Warrant September
1, 2017 and An Evidence Seized And Docketed
December 19, 2017 of All cell phone data Text
Messages Suppressed Brady Material.

Defendant Nidia Marissa Molina And Her
Statements and Interviews January 15, 2018
Case No LA087605 Dismissal March 30, 2021.

DEFENDANTS' CYNTHIA VALDEZ WAS ARRESTED ON FEBRUARY 2.2014 AND AUDIO-VIDEO INTERVIEW(S) AND STATEMENTS AND STIPULATED PLEA DEAL:

CYNTHIA VALDEZ AUDIO-VIDEO INTERVIEW IDENTIFIED JOSE CARLOS FARIAS AS THE LEADER OF BLYTHE STREET UNTIL HIS APRIL 2012 ARREST; AND OSCAR RENEE MOLINA AS THE LEADER DURING HER ARREST AND U.S. POSTAL MAIL TO COMMUNICATE WITH SANTOS MARTINEZ AND HER COOPERATION UNTIL DISMISSAL NOVEMBER 21.2021. DEFENDANT ERIC W. SIDDALL ON THE RECORD STIPULATED A NON-COOPERATION DEAL AND DISMISSED (VALDEZ) UNDER PENAL CODE 1099.

DEFENDANT VALDEZ, WAS SUBPOENAED ON FEBRUARY 27.2023 DURING JURY TRIAL PLED THE FIFTH-AMENDMENT DENYING PLAINTIFF HIS RIGHT UNDER 6TH-AMENDMENT AND 14TH-AMENDMENT CROSSED-EXAMINATION-CONFRONTATION.

ON FEBRUARY 8 2014 DETECTIVES STATED TO CYNTHIA VALDEZ IF SHE COULD GIVE THEM ANYTHING TO LET HER GO HOME WHAT COULD SHE GIVE DETECTIVES. VALDEZ RESPONDED SHE WOULD GIVE THEM PLAINTIFF.

CYNTHIA VALDEZ AUDIO-VIDEO INTERVIEW ACTUALLY EXCULPATE PLAINTIFF STATED PLAINTIFF WAS NOT THE LEADER OF BLYTHE STREET DURING THE COURSE OF EVENTS AND HER INVOLVEMENT AND ARREST FEBRUARY 2.2014.

DEFENDANTS' ARRESTED JAIRO CISNEROS AND JACQUELINE
RAQUEL FELIX ON APRIL 25 2018 AND DETECTIVE REPORT
DR.171923135 MAY 21.2018 AFFIDAVIT AND SEARCH
WARRANT THIRTEEN (13) CELL PHONES SEIZED AND
DOCKETED.

DEFENDANT JAMES FILLMORE GRAND JURY TESTIMONY
OF SEARCH WARRANT AND CELL PHONE DATA OF OSCAR
RENEE MOLINA (065-2241) AND NID 464.8916 AND
LL ME 220.1630 TARGET CELL PHONES MOLINA AND
WITNESS NO.1.

ARRESTS, WARRANTS, SEARCH WARRANTS AND SUPPORTING
AFFIDAVIT(S) PENAL CODE§1 1523-1542. THEY ARE KEPT
IN THE CLERKS OFFICE OF THE COURT WHOSE MAGISTRATE
ISSUED THE WARRANT.

DEFENDANTS' HAVING STIPULATED ON RECORD AND
DETECTIVE(S) TESTIMONY DURING GRAND JURY AND
JURY TRIAL EVIDENCE DEFENDANT ERIC W. SIDDAL
PROSECUTION MISCONDUCT BY DESIGN AN ABUSE
OF DISCRETION OF PUBLIC OFFICE.

THE PREDICATE OFFENSE, ERIC W. SIDDAL ALTERED,
MODIFIED AND WITHHELD EVIDENCE BY USE OF TECHNOLOGY
CELLBRITE AND GRAYKEY CELL PHONE DATA EVIDENCED
SEIZED AND DOCKETED CASE NO. LA647605 COMPARE.
CASE NO. PA090521.

DEFENDANT JAMES FILLMORE WAS NOT SUBPOENED TO
JURY TRIAL AND SPECIFIC GRAND JURY TESTIMONY
OF OSCAR RENEE MOLINA AND NIDIA MARISSA MOLINA
JANUARY 15 2018 ARREST AND CELL PHONE DATA.

DEFENDANT GUTIERREZ DECLARED UNDER PENALTY OF PERJURY ON FEBRUARY 28, 2018 DETECTIVE REPORT DR.181906154 A SEARCH WARRANT FOR OSCAR RENEE MOLINA CELL PHONE DATA.

DEFENDANT BUCKNELL JURY TRIAL TESTIMONY AND MANIPULATION OF CELL PHONE DATA OF JANUARY 15 2014 OSCAR RENEE MOLINA AND TEXT-MESSAGES SUBMITTED AS EVIDENCE BY PROSECUTOR ERIC W. SIDDALL BASED ON JAMES FILLMORE GRAND JURY TESTIMONY WITHOUT SUBPEONED AND DEFENDANT GUTIERREZ FEBRUARY 28, 2018 SEARCH WARRANT FOR OSCAR RENEE MOLINA CELL PHONE DATA SHOW BY DESIGN TRUE PROSECUTION MISCONDUCT OF A MANIPULATION OF ALTERED, MODIFIED, SUPPRESSED CELL PHONE DATA.

DEFENDANT BUCKNELL TESTIMONY AND LACK OF MEMORY OF SEARCH WARRANTS AS AN INVESTIGATIVE DETECTIVE WAS PARTNERED WITH JAMES FILLMORE HAVE AN OBLIGATION TO PRESERVE EVIDENCE AND NOT BASED SELECTIVE MEMORY.

DEFENDANTS' JAIRO CISNEROS AND JACQUELINE RAQUEL FELIX DISMISSAL OF CASE NO. PA090391 ADMIT TO GUILT OF ELEMENTS ON DECEMBER 15, 2017 AND CONSTANT JAIL PHONE CALLS WITH SANTOS MARTINEZ SELF-INCRIMINATED EACHOTHER".

JAIRO CISNEROS WAIVED MIRANDA RIGHTS ON APRIL 25TH 2018 AND DETECTIVES' SUBPEONA AND SEARCH WARRANT OF CELL PHONE DATA SEPTEMBER

15F. 2017 (3) THREE DAYS AFTER AUGUST 27, 2017
SHOW MANIPULATION OF CELL PHONE DATA BASED
ON JURY TRIAL TESTIMONY COMMUNICATIONS
BETWEEN MADINA AND CISNEROS AND OCTOBER 28, 2017
TO AVOID CRIMINAL LIABILITY.

DEFENDANTS' CISNEROS AND FELIX WERE ALLOWED TO
MAINTAIN ALL CONTACT APRIL 25 2018 THROUGH JURY
TRIAL PREJUDICIAL WITH GRANT OF IMMUNITY
JULY 8 2019 CONTINUED TO ENGAGE IN ILLEGAL
CONDUCT BASED ON CISNEROS TESTIMONY HE SOLD
DRUGS WHILE IN-CUSTODY AND FELIX TESTIMONY
SHE ASSISTED MONEY TRANSACTIONS.

DEFENDANTS' CISNEROS AND FELIX, RECIEVED ($3,500)
THREE-THOUSAND-FIVE-HUNDRED DOLLARS RELOCATION
MONEY AND U-VISA 2021 AND EACH PROFFER
WITHHOLD EVIDENCED BY JURY TRIAL TESTIMONY
CISNEROS HAVING BEEN DENIED FOR U-VISA
PRIOR UNTIL FILLMORE AND SIGNAL VERACITY
OF WITNESS ASSISTED IN GRANT OF U-VISA
AND PEOPLE V. CISNEROS CASE NO. PA08494440
ADMITS GUILT WAIVED ALL CONSTITUTIONAL RIGHTS
BASED ON PLEA AGREEMENT OF PROBATION FOR
CRIMINAL THREATS PENAL CODE 422 AND PENAL
CODE 186.22.

UNDER SENATE BILL 647: CODIFIED SECTION
679.10. JANUARY 2016 REQUIRES CALIFORNIA LAW
ENFORCEMENT AGENTS AND PROSECUTORS TO VERIFY
A WITNESS COOPERATION WITHIN 90 DAYS.

Unless the certifying Agency or Official can demonstrate that the victim was Uncooperative on a I-918 Supplemental B form (Includes judges.) "Brady Material"

Eric W.Siddall, made an opening statement of Grand Jury on July 19.2019, plaintiff will be charged with Gang Conspiracy under Section 182.5 for all Twenty-Nine counts "Even if there is no direct evidence" Explination for why the Government is Utilizing Jairo Cisneros as (Witness no.1) Some times if youre Casting a play in Hell, you have to cast other people who have done Bad things Right(".)

District Attorney, Jackey Lacey directed her deputy's to Identify Cases where the In-Custody (Defendant) is Not a Risk to public Safety for release. due to the pandemic, After (10) Ten-months, In exchange for his attempted truthful testimony, the leniency agreement is part of plea under seal to suppress mandated discovery statutes and Jairo Cisneros self-admitted gang involvement Based on guilty plea case no PA0884440 at all phases of investigation, arrests and Grand Jury and Jury trial was released and placed en house arrests Violate Marsy's law Cal. Const, Art. I Section 28.

Defendants' actions and inactions withheld manipulated, altered, suppressed lost and destroyed evidence "Brady Material" conflict of integrity and professional ethics and public office and laws guaranteed violated due process mandated discovery obligations.

Plaintiff, Ezequiel Romo was denied all notice of due process, mandated and a complete disregard afforded of judicial process of any legitimate investigation.

Assembly Bill No. 333. Chapter 699. An act to amend section. 186.22 of and add section 1109 to the penal code and relating to criminal gangs January 1. 2023.

Defendants' Oscar Renee Molina; Nidia Marissa Molina; Jairo Cisneros; Jacqueline Raquel Felix; Jacqueline Giselle Perez; Joseph Pech Santos; Jose Carlos Farias; Eliverio Acevedo Quijas; Robert William Garcia; Cynthia Valdez; Santos Martinez; Each conspired against plaintiff to avoid criminal liability violated plaintiff's constitutional established rights.

Defendants' Jose Carlos Farias "Gang Expert" testimony and bias during jury trial admits on March 8 2023, inconsistent statements all through his testimony and lack of personal knowledge fabricated an alibi.

JOSE CARLOS FARIAS, ARRESTED APRIL 26th 2017, AND DROPPED
OUT MAY 29, 2018 STARTED COOPERATING TO AVOID HIS
CRIMINAL LIABILITY AND TESTIMONY OF BEING HOUSED
WITH AN INFORMANT ON DEFENDANTS' ERIC W. SIDDALL
CASELOAD BY DESIGN WAS TOLD OF JAIRO CISNEROS
SIMILAR TO JOSEPH SANTOS DECH; REACHED OUT TO
ERIC W. SIDDALL; PROFFER OF (FARIAS) GIRLFRIEND
VISITING AND PASSING ALONG INFORMATION GIVEN
BY RAYMOND MENDEZ ON THE AUDIO-VIDEO
INTERVIEW FOR TWENTY (20) MINUTES EACH DETECTIVE
LEADING WITH INFORMATION SHOWS A DELIBERATE
INDIFFERENCE;
    DETECTIVES FAILED TO INTERVIEW PLAINTIFF AT
ALL TIMES THROUGHOUT THE COURSE OF ALLEGED
INVESTIGATION 2016 ON THROUGH 2019.
    DETECTIVE(S) INTERVIEWED ANTHONY SANCHEZ
IN NEBRASKA SHOWS PREJUDICE;
    DETECTIVE(S) INTERVIEWED JOHN TEJADA IN
SACRAMENTO SHOWS PREJUDICE;
    DETECTIVE(S) INTERVIEWED RAYMOND MENDEZ
WITHHELD AUDIO-VIDEO INTERVIEW(S) STATEMENTS;
    DETECTIVE(S) INTERVIEWED NIDIA MARISSA MOLINA
WITHHELD STATEMENTS AND EXCULPATORY EVIDENCE;
    DETECTIVE(S) INTERVIEWED JACQUELINE GISELLE
PEREZ ADMITS ON TESTIMONY LIED TO THE
DETECTIVE(S) AND GAIN FINANCIAL COMPENSATION
OF $2,500 TWO-THOUSAND FIVE HUNDRED DOLLARS
AND WITHHELD CELL PHONE DATA EXCULPATORY;

DEFENDANTS' ERIC W. SIDDALL ALLEGED PLAINTIFF ORDERED THE MURDER OF CESAR GALVEZ FOR SETTING UP ANDREW (MONO) MENDOZA FEBRUARY 2016. DEFENDANT JOSÉ CARLOS FARIAS TESTIMONY MARCH 9.2023 ADMITS NO IDEA OF WHO SET UP ANDREW (MONO) MENDOZA AND AS "EXPERT WITNESS" WAS NOT IN-CUSTODY AND WITHHELD TRUTHFUL TESTIMONY TO AVOID CRIMINAL LIABILITY.

DETECTIVES) ARRESTED ROBERT WILLIAM GARCIA AND BRIAN CASTILLO ON MAY 25.2019 AND ON AUGUST 1.2019 ROBERT WILLIAM GARCIA GAVE A THREE (3) HOUR INTERVIEW TO AVOID CRIMINAL LIABILITY AND STATEMENTS OF DEATHS OPERATION MAKES INCONSISTENT STATEMENTS BASED ON JOSE CARLOS FARIAS.

JOSE CARLOS FARIAS, TESTIMONY ADMITS USING PEOPLE MARCH 9.2023 " MDC PHONES AND EMAIL SYSTEM TAPPED.

DEFENDANT ERIC W. SIDDALL STIPULATED ON RECORD MARCH 6.2023 (2021 FEDERAL CUSTODY EMAILS NO LONGER EXISTS 2023.)

DETECTIVES) INTERVIEW JOSHUA XARA AT WORK OVER THE PHONE JUNE 19.2018, A DUTY TO WARN DETECTIVES STATED MONITOR OF MAIL, JAIL CALLS AND GIRLFRIENDS.

DETECTIVES ARRESTED OLIVIERO ACEVEDO QUIJAS; JOSHUA XARA; ROBERT WILLIAM GARCIA AND JUAN DELGADILLO AND JUAN RAMIREZ JR.

17907359 A SEARCH WARRANT AND ALL ITEMS SEIZED AND DOCKETED BY DETECTIVES JAMES FILLMORE AND GABRIEL BUCKNELL.

C.

UNDER CALIFORNIA'S STATUTORY CRIMINAL DISCOVERY SCHEME SECTION 1054 - 1054.10: SEE ALSO: CAL. RULES OF PROF COND 5 - 110 (9). "A FELONY CONVICTION OF ANY MATERIAL WITNESS WHOSE CREDIBILITY IS LIKELY TO BE CRITICAL TO THE OUTCOME OF THE TRIAL."

DEFENDANTS' ERIC W. SIDDALL SUPPRESSION AND WITHHOLDING DETECTIVES LACK OF CREDIBILITY BY DESIGN EVIDENCED AUGUST 26 th 2023 PROBE BY PUBLIC CORRUPTION OF LAPD MISSION - DIVISION ANTI GANG UNIT FAILED TO FOLLOW POLICY AND PROCEDURE(S).

DETECTIVE GENE PARSHALL FALSIFIED GOVERNMENT DOCUMENTS BASED ON MARCH 10. 2023 OFFICER CASILLAS TESTIMONY VOLUNTEERED CONTRARY TO PARSHALL (2) TWO PAGE REPORT OF BODY WEAR VIDEO NOVEMBER 6. 2015.

DETECTIVES GENE PARSHALL AND EFREN GUTIERREZ FALSE STATEMENTS AND COERCION OF PEOPLE V. EDWARD ARCH CASE NO PA059232.

DETECTIVE JAMES FILLMORE ARREST RECORD AND LOSS OF PERMIT TO CARRY A WEAPON AND PENDING LITIGATION.

DETECTIVE GABRIEL BUCKNELL AND DRISCOE

SEE UNITED STATES DISTRICT COURT CASE NO.
CV1507382 pending litigation.

BASED ON STATUTORY GUARANTEES OF PROCEDURAL
DUE PROCESS AND FIRST AMENDMENT. Information
from any FEDERAL, STATE, County FACILITY. It
is the policy of the Criminal Division Supervisor's
and Deputy's must use DISCRETION AND CARE
in DETERMINING whether and How to USE
Information PROVIDED by such Informants
lest a MISCARRIAGE OF JUSTICE occur.

DEFENDANTS' Actions and Inactions Each
Violated plaintiff's Rights as Constitutionally
Established MANDATED by design Under
Abuse of Discretion Prosecution misconduct
Eric W. Siddall.

                        \.

IASD, LOS Angeles Sheriff's Department policy
and Procedure §1 and title 15. et al.

Plaintiff, while housed in men's Central Jail
August 29, 2019 on through August 30, 2023.

DEFENDANTS' Robert Luna Violated plaintiff's
First-Amendment Denial of meaningful REVIEW
of all grievances, and lack of Notice and
Substantive and procedural DUE process
as guaranteed Under U.S. constitution.

DEFENDANTS' ARBITRARY Governmental Action
and Decision placement in Restrictive Housing
Title 15. Section. 1073.91.

DEFENDANTS' CLASSIFIED PLAINTIFF AND TRANSFERRED TO SUPERMAX (NCCF) ON SEPTEMBER 2019 AND TWO(2) HOURS AFTER ARRIVING WAS REHOUSED IN RESTRICTIVE HOUSING WITHOUT ANY WRITE UP.

DEFENDANTS' VALENTINO OF OPERATION SAFE JAIL (OSJ) STATED MEN'S CENTRAL JAIL (LIASION) HAD E-MAILED OF PLAINTIFF'S ARRIVAL.

DEFENDANT' VALENTINO STATED SHE HAD RECIEVED INFORMATION THAT ALLEGED PLAINTIFF WAS A MEMBER OR UP FOR MEMBERSHIP.

PLAINTIFF, MADE IT CLEAR SHE HAD FALSE INFORMATION AND PLAINTIFF WAS DUE TO COURT AND ONLY CONCERNED WITH HIS COURT PROCESS.

ON DECEMBER 19, 2019 DEFENDANTS TRANSFERRED PLAINTIFF BACK TO MEN'S CENTRAL JAIL AND JAIL LIASION RECLASSIFIED PLAINTIFF WITHOUT ANY NOTICE OR HEARING OR WRITE UP BASED ON (NCCF) SUPERMAX NOT WANTING PLAINTIFF HOUSED AT SUPERMAX (REFERENCE# 5100-2020-0122-214)

DEFENDANTS' HOUSED PLAINTIFF IN RESTRICTIVE CUSTODY DECEMBER 19, 2019 ON THROUGH APRIL 2020. MODULE 3100

GRIEVANCE (S)

JANUARY 14, 2020 REFERENCE# 5100-2020-0122-214. REVIEWED BY DEFENDANTS' STEINERT (NO. 439201) AND MARQUEZ (NO. 616644) DEFENDANTS' FAILED TO INTERVIEW PLAINTIFF OR PROVIDE ANY MEANINGFUL REVIEW;

FEBRUARY 18, 2020 REFERENCE # 5100-2020-0220-292 REVIEWED by DEFENDANTS' MARQUEZ (NO. 616644) AND BONNER (NO. 404914) DEFENDANTS' FAILED TO PROVIDE ANY MEANINGFUL REVIEW OR INTERVIEW PLAINTIFF.

Jail Liasion Reclassified plaintiff in April 2020 AND Rehoused in General population module 4700.

DEFENDANTS' On April 28, 2020 DURING SHOWERS Deputy's placed plaintiff in handcuff's AND Rehoused in module 3500 pending Jail Liasion REVIEW.

On April 29, 2020 Jail liasion interviewed plaintiff AND Operation Safe Jail (OSJ) DEFENDANT CABRA, alleged a phone call AND WRITTEN NOTE alleged plaintiff WAS TARGETED FOR ASSAULT plaintiff REQUESTED AND Signed A WAIVER OF liability

On April 30, 2020 MCJ-liasion Classified plaintiff AND Rehoused in 1700 Able Row.

On May 3, 2020 GRIEVANCE REFERENCE # 5100-2020-0506-216 Redress Of Classification process AND lack of Notice AND Impartial hearing VIOLATES First-Eight-Fourteenth Amendments AS ESTABLISHED.

Grievances' allow for Conflict Resolution BASED On ANY STAFF CAPABLE OF ADDRESSING GRIEVANCES NO Meaningful REVIEW BASED On DENIALS Violates DUE process AND REDRESS OF ARBITRARY GOVERNMENTAL Action.

Classification allows privileges and those privileges are denied without due process.

On May 17.2020 plaintiff wrote ACLU legal mail and it was opened and returned to plaintiff describing conflict resolution is non-existent defendant Sgt Becerra while assigned to 1700 personally returned the legal contents without an envelope stated (OSJ) operation safe jail would handle the issue but no resolution has been resolved.

On September defendants' released plaintiff to general population module 3400 September 15,2020.

Defendants' Lorano-Ortega during yard release notified plaintiff would be rehoused in module 4400 on September 30.2020.

While on yard Lorano-Ortega stated plaintiff had medical, when plaintiff stated he had no medical Lorano-Ortega stated plaintiff had to sign a medical refusal but provided none. Plaintiff asked if it was a medical appointment or excuse to rehouse plaintiff as a reoccurring harassment Lorano-Ortega stated no excuse he would not lie. Plaintiff to avoid any conflict involving individuals on the yard between inmates and deputys went to medical and on exiting the yard was surrounded by over (30) thirty deputys.

Plaintiff filed grievance reference #5100-2020-

1005-313 DEFENDANTS' AGUILAR (NO 416044) AND MARQUEZ (NO. 616644) COMMENTS PER JAIL LIASION PLAINTIFF WAS CLASSIFIED APPROPRIATELY.

GRIEVANCE REFERENCE # 5100-2020-0123-276: DEFENDANTS' DUNGCA (NO. 507204) DENIED APPEAL LEVEL STATUS ONE AND TWO. COMMENTS PER MCJ JAIL LIASION, PLAINTIFF NOT ELIGIBLE FOR DECLASS UNTIL OCTOBER 2020.

PER MCJ JAIL LIASION ON OCTOBER 1. 2020 PLAINTIFF WAS INTERVIEWED AND NOTIFIED WOULD BE UP FOR REVIEW AT THE NOVEMBER 2020 PANEL AND BE RECOMMENDED FOR GENERAL POPULATION. REFERENCE # 5100-2020-1014-373.

DEFENDANTS' TIPTON (NO. 532702) COMMENTS PER JAIL LIASION PLAINTIFF WILL NOT BE DECLASSED AND WILL REMAIN (K-10) THE PANEL WAS HELD ON NOVEMBER 18 2020.

PLAINTIFF FILED FOR IMMEDIATE RELEASE TO GENERAL POPULATION ON NOVEMBER 20. 2020, BASED ON INMATE RECORDS TITLE 15 § SECTION 1041 AND § 1050 CLASSIFICATION PLAN SECTION 1073 INMATE GRIEVANCE PROCEDURE (A). THERE EXISTS NO STAFF CONCERNS, NO ENEMY CONCERNS, NO SAFETY CONCERNS. (SEE: REFERENCE # 5100-2020-1005.313.)

DEFENDANTS' (SERRATO) STATED TO PLAINTIFF THE PANEL WAS HELD AND WANTED TO SEE HOW PLAINTIFF HANDLED REJECTION WAS DENIED; CONTRARY TO POSITIVE BEHAVIOR FOLLOWING LAWS AND REGULATIONS

Constitutes arbitrary partial decision-maker.
Defendants violate due process clause Cal. Const.
Art. 1 Sec 17(a) and First-Eight-Fourteenth
Amendment(s) under U.S. Constitution.

December 24, 2020 plaintiff filed grievance of
inmate request (November 20, 2020) failure to provide
meaningful review (Ref # 5100-2020-1005-13) reviewed
by Defendant(s) (Greiner no. 439201) and Marquez
(no. 616644) Reference # 5100-2020-1231-445:

Plaintiff was denied privilege(s) visit(s) while
in restrictive housing without any wrong
doing violates "Due Process" Reference # 5100-2020-
0117-214:

Defendant(s) Dungca (no. 507203) denied Appeal
level 1. (comments: "per MCJ liasion, you were
reviewed by the PHCP and they decided you
should not be declassified and you were affirmed
as a K-19".) January 26, 2021

Defendant(s) denied all written "notice" of any
panel decision and all opportunity to be heard
or present an rebuttal to an impartial hearing
maker.

Plaintiff filed an inmate request based on Title
15. Section .1050 a)" An inmate who has been sentenced
to more than (60) sixty-days may request a review
of his classification plan no more than (30)
thirty-days. from his last review. (February 16, 2021)

DEFENDANTS' VIOLATE THE MAILBOX RULE AND THE
TITLE 15 SECTION 1063.

(a) THERE IS NO LIMITATION ON THE VOLUME OF MAIL
AN INMATE MAY SEND OR RECIEVE;

(c) JAIL STAFF SHALL NOT REVIEW INMATE CORRESPONDENCE
TO OR FROM STATE/FEDERAL COURTS; ANY MEMBER
OF THE STATE BAR OR HOLDER OF PUBLIC OFFICE.

PLAINTIFF ON MAY 17, 2020 WROTE INSPECTOR GENERAL
ACLU, OF GRIEVANCE ISSUES AND LIVING CONDITIONS
AND A DECLARATION; SEALED AND GIVEN TO DEPUTY
FOLLOWING MAIL PROCEDURE(S).

PLAINTIFF ON JULY 22, 2022 REQUESTED A PRINT
OF LEGAL MAIL SENT OUT JUNE 2022 FOLLOWING MAIL
PROCEDURE(S).

DEFENDANTS' CALVAN (NO. 466256) AND LARSON
(NO. 523966) COMMENTS "PER MCJ UNIT ORDER,
THE LEGAL MAIL CUSTODY ASSISTANTS ARE NOT REQUIRED
TO MAINTAIN AN OUTGOING LEGAL MAIL LOG, SEE:
REFERENCE # 5100-2022-0803-316.)

PLAINTIFF FILED MULTIPLE INMATE REQUEST(S) AND
GRIEVANCES CONCERNING LIVING CONDITIONS. NO HOT
WATER REFERENCE # 5100-2021-0513-211.);

GRIEVANCE(S) DUE TO 4000 FLOOR KITCHEN BEING CLOSED
THE MEALS ARE ALL SERVED LATE, UNSANITARY WITH INMATES
NOT HAVING GLOVES OR HAIRNETS. REFERENCE # 5100-2020-
0322-220.) DEFENDANTS' FERNANDEZ (NO. 446091) AND
DEFENDANT NAKAMURA (NO. 536368), DEFENDANTS
RONDEROS (NO. 533033) DENIED APPEAL LEVEL. 1.)

On April 11, 2022 while Housed In Module Y400 And Without Incident Defendants' Without "Notice" Of Any Hearing Rehoused Plaintiff In Module 1700 Able Row (K-19).

Defendants' Housed Plaintiff In Restrictive Custody For (60) Sixty-Days Change In Custody Without Written Notice Of Due Process And No Hearing And No Response To Inmate Grievance To Avoid Following Policy And Procedure(s) And MCJ' Jail Liaison Interview.

On June 11, 2022 Plaintiff Was Released Back To General Population Without Any Hearing or Response(s) To Inmate Requests or Grievance.

On January 30th, 2023 Defendants' Gave Plaintiff Legal Visit And Escorted Plaintiff While Housed In Module Y400 And When Legal Visit Was Over Defendants' Rehoused Plaintiff In Module 3500 And Jail Liaison Classified Plaintiff (K-19) Housed 1700 Able Row For Sixty (60) Days.

Plaintiff Was Denied Visiting Privileges And No Response To Grievance(s).

No Response To Inmate Grievance Of No Hot Water While Housed In 1700 Able Row For 60 Sixty-Days.

Defendants' Denied Plaintiff Yard Privileges Without Written Notice Of Hearing Violated Due Process Reference # 5100.2023.0130.013.)

Plaintiff Was Rehoused In Module 2100 Without

any type of hearing or response of grievance.

On May 24, 2023 plaintiff filed a grievance of being denied visits and no response.

On August 4, 2023 defendants lied to plaintiff stated he had a legal visit.

Plaintiff spoke to deputy (pin No 624957) and signed threat advisory and returned back to assigned module (2400 cell D.9).

On August 5, 2023, deputy (solo) came to plaintiff's assigned cell verbally stated he was gonna be rehoused pending liaison classification.

Plaintiff was rehoused in module 3500 pending transfer to prison and until a peaceful hunger-strike refused all meals based on Non-disciplinary was rehoused with out incident denied all privilages.

Defendants' housed plaintiff without a "Notice" hearing August 5 2023 until plaintiff's hunger strike.

Plaintiff filed August 10, 2023 inmate request to be rehoused back in general population.

Defendants' never interviewed nor responded to inmate request.

Plaintiff filed August 16, 2023 grievance of all meals refused Title 15, Section 1073(a) denial of all privilages while housed in module 3500 and no response to inmate request(s) or grievance(s) denial of redress or arbitrary government action.

DEFENDANTS: (CAPRA) DETECTIVE OF ORGANIZED CRIME TASK FORCE ON AUGUST 16. 2023; INTERVIEWED PLAINTIFF OF AN INCIDENT PLAINTIFF WAS NOT INVOLVED IN AND HAD NO INVOLVEMENT.

DEFENDANT (CAPRA) STATED HE WOULD CONTACT JAIRO CISNEROS (LIL SMOKEY):

ON AUGUST 22.2023 PLAINTIFF FILED A INMATE REQUEST FORM OF ALL THREAT ADVISORY WAIVER(S) OF LIABILITY FORMS AUGUST 29.2019 - AUGUST 21,2023.

• THREAT ADVISORY APRIL 29.2020 DEPUTY BECERRA (No. 607250); DETECTIVE (CAPRA) WITNESSED.

• THREAT ADVISORY APRIL 30.2020 DEPUTY BARRIS (No. 552100)

• THREAT ADVISORY AUGUST 4.2023 DEPUTY BIN (NO. 624957)

• THREAT ADVISORY AUGUST 21,2023 DEPUTY SILVA (no. 629509)

ON AUGUST 30.2023 PLAINTIFF WAS TRANSFERRED TO NORTH KERN STATE PRISON AND HOUSED IN ADMINISTRATIVE SEGREGATION BASED ON LOS ANGELES SHERIFF'S DEPARTMENT ALLEGED PENDING INVESTIGATION.

LASD, DEFENDANTS: ROBERT LUNA AND JOHN AND JANE DOES 11-201 EACH IN OFFICIAL AND INDIVIDUAL CAPACITY LIABLE UNDER COLOR OF AUTHORITY ABUSE OF DISCRETION VIOLATED PLAINTIFF'S FIRST-EIGHT-FOURTEENTH AMENDMENT AS CONSTITUTIONALLY ESTABLISHED.

2.

California Department Of Corrections And
Rehabilitation, (CDCR);

On August 30, 2023 plaintiff Arrived At
North Kern State Prison.

Defendant(s) On September 13, 2023 Issued
plaintiff An Rules Violation Report CDC 115
from Centinela State Prison.

On July 30, 2019 Third level Appeal Decision
mod, Order no. Cen. s. 19-01450. Reissued And
Reheard. Defendant(s) Violate policy And
Procedure(s) Title 15. et. Seg., And procedure
Due process Under U.S. Constitution 14th Amend.,
And First-Amendment As Established law.

Defendant(s) Chief Disciplinary Officer R. Johnson;
Based On Defendant Sergeant J. Romero And
Correctional Lieutenant Vega misclassified
the (RVR) Subjected plaintiff To Serious
(A-11) offense, loss Of Good-Time Credit(s)
And Privilege(s) Serving A Shu-Term And
Violated policy And procedure(s) And Time
Constraint's.

The Third level Appeal Ordered a Reduced
Division "F" Offense And Time Served penalities
Assessed On The Original RVR.

Plaintiff Was Transferred Out To Court
On August 29, 2019 And Defendant(s) Actions
And Inactions Violated plaintiff's Rights

Denial of following the MTDO Order on July 30. 2019.

Defendant D. Carillo falsified Government Document(s) CDC form 837 omits any contraband discovered as alleged on (RVR) September 12, 2018.

Defendant M. Hurtado on CDC form 837 documents alleged contraband discovered on September 12. 2018

Defendant D. Carillo is documented as reporting employee on September 12. 2018.

Defendants' under title 15 section 3316, which allows for discretionary referral of criminal cases.

Defendant Captain Sais on September 24, 2018 Signed CDC form 837 and evidence documented as weapon stolen by M. Hurtado; Rules violation report charging plaintiff, specifically manufacture of deadly weapon. CEN FCS 18 09 0277A1.

Plaintiff, was allowed to be housed back in assigned cell on September 12 2018 after the Search.

Defendants' Sergeant J. Romero, approached the assigned cell of plaintiff and stated Lieutenant L. Vega Ordered placement in Administrative Segregation on September 12. 2018 Issued Rules violation Report 5709253.

The SOMS Disciplinary Module does not

allow for an RVR Once "final\concluded" to be changed in the manner instructed on the MDO Order. Therefore this RVR is being Ordered reissued\reheard on July 30 2019, by CDO R. Johnson, for the Charge of "possession of Dangerous Contraband".

Time Constraints:

The Charges shall be heard within 30 days from the date the inmate is provided a classified copy of the rules violation report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, or exceptional circumstances exist pursuant to CCR Section 3000, Or the inmate is transferred out of the Custody of the department;

Failure to meet the time constraints outlined in Section 3320. shall preclude forfeiture of credits.

On September 13, 2023 the reissued RVR No. 5709253 based on July 30, 2019 was reheard on October 9, 2023 violated time constraints and loss of family visits October 9 2023 on through October 9, 2024 violates MDO Order all penalities assessed.

Defendants' Actions and inactions violate plaintiff's

First-Eight-Fourteenth Amendments' As Established.
Constitutional Law.

Plaintiff having Exhausted All Administrative
Remedies', filed Government Claims On December
16, 2022.

## Verified Complaint:

I, Ezequiel Ramo, Plaintiff In Propia Persona
To Within Cause Of Action:

The Court has Jurisdiction Over This Action
Pursuant to 28 U.S.C. Section 1331 (Federal
Question) And 28 U.S.C. Section 1343 (Civil
Rights) Venue Lies In The Central District
Of California, The Judicial District In Which
The Claim Arose pursuant to 28 U.S.C. Section
1342(b)':

The Above True And Correct Under 28 U.S.C.
Section 1746 On December 17th 2023 Under
Penalty Of Perjury At Delano California
03316 Ezequiel Ramo'.

## Proof Of Service:

I, Ezequiel Ramo, A Legal Citizen Over The Age
Of (18)Eighteen years A party To Within Cause
Of Action Place A True Copy Using The U.S.
Postal Mail On December 17th, 2023'. Attn., Clerk
United States District Court, 225 Temple St
Suite Ts-1341, Los Angeles, CA 90012, Ezequiel Ramo,
CDCR. #G9801 WKSP- P.O. Box 5005 Delano, CA
03316 Ramo

**COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT**
**NOTIFICATION OF DISPOSITON**

**REFERENCE #: 5100-2020-0810-207**

**INFORMATION:**

☐ **Handle as an emergent.**

| Booking | Last | First | Middle |
|---|---|---|---|
| 5730960 | ROMO | EZEQUIEL | |
| Facility | Housing Location | Date of Collection | |
| CJ | 3100 A 0004 | 08/09/2020 | |

| Requesting to Speak With | Requesting for Service | Grievance |
|---|---|---|
| | | Mail |

Request or Grievance Details:
Inmate stating his legal mail was opened and not forwarded to his lawyer. Inmate's attorney confirmed he did not receive legal mail that was sent out on 7/31/20.

**DISPOSITION:**

Complaint Type
<u>Mail</u>

| Findings | Relief |
|---|---|
| Inconclusive ✔ | Denied ✔ |

**Comments**

Per Legal Unit, inmate's legal mail log indicates there was only one outgoing mail on July 22nd to his attorney. Please see attached mail log.

**REVIEWED BY:**

| 439201 | Steinert |
|---|---|
| 616630 | Karapetyan |

Inmate Rights Regarding the Appeal Process:
- Inmates may only submit one (1) appeal per grievance.
- An appeal shall be submitted on the appropriate appeal form, which will be provided to the inmate by custody personnel when delivering the notification of the disposition of a grievance or appeal.
- Inmates who are unable to fill out the appeal form may ask personnel for assistance.
- An appeal by an inmate must be submitted within fifteen (15) calendar days of receiving a written disposition regarding the grievance, or the appeal will be denied.
- Inmates will be advised in writing by a supervisor the result of an appeal within <u>15</u> calendar days of the appeal submission.

New issues raised by an inmate on an appeal form will not be addressed, and any decision rendered will pertain only to the present appeal issue.

**REFERENCE #: 5100-2O2O-0810-207**

| Conflict Resolution may be available and is voluntary for both the inmate and the involved personnel to address a grievance instead of the Department conducting a personnel investigation and determining a finding to resolve the grievance. | | |
|---|---|---|
| Inmate's Signature:<br>*Romo* | Booking #:<br>5730960 | Date:<br>8·13·20 |

SH-J-420                    5100-2020-0810-207

**COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT**

## INMATE GRIEVANCE FORM

See the back copy for instructions.
All grievances must be filed within 15 calendar days.
Grievances will be responded to within 15 calendar days.
Appeals must be filed within 15 calendar days.

**Only one grievance per form.**

Solamente una queja por forma.

**Is this grievance an emergency?**
¿Es ésta queja una emergencia?

| YES* | NO |
|------|-----|

If this is a medical or mental health emergency or you are aware of a specific and immediate threat to your life/safety, notify custody personnel immediately.

Si ésta es una emergencia médica o de salud mental, o si tiene conocimiento de una amenaza específica e inmediata contra su vida/seguridad, notifique a un alguacil de inmediato.

| NAME / NOMBRE | BOOKING NUMBER / SU NÚMERO DE PRESO | FACILITY / FACILIDAD | HOUSING LOC. / LUGAR DE VIVIENDA | DATE / FECHA |
|---|---|---|---|---|
| ROMIO | 5730960 | MCJ | 4800 DZ | 8-2-22 |

### I HAVE A GRIEVANCE ABOUT THE FOLLOWING:

**GENERAL SERVICES**
- ☐ Living conditions
- ☐ Food
- ☐ Showers
- ☐ Property
- ☒ Mail
- ☐ Commissary/Account Balance
- ☐ Clothing/Linen/Bedding
- ☐ Educational/Vocational Programs
- ☐ Other (explain below)
- ☐ Classification
- ☐ Telephone
- ☐ Visiting

**MEDICAL/MENTAL**
- ☐ Medical Services (Place in envelope)
- ☐ Mental Health (Place in envelope)
- ☐ Dental (Place in envelope)
- ☐ Americans with Disabilities Act (ADA)
- ☐ Other (explain below)

**STAFF**
- ☐ Custody Personnel
- ☐ Medical Staff
- ☐ Mental Health Staff
- ☐ Other (explain below)

*Optional (check only if applicable):*
- ☐ Use of force
- ☐ Retaliation
- ☐ Harassment
- ☐ Racial or identity profiling

Specify the type(s) in your explanation. (please refer to the reverse side of the pink copy for more information)

### PLEASE EXPLAIN THE SPECIFIC ISSUE OR DATE OF INCIDENT, AND THE ACTION REQUESTED:

DATE, TIME, DAY OF OCCURRENCE: JUNE 22ND 7:00 AM   FACILITY OF OCCURRENCE: MCJ 4800   LOCATION OF OCCURRENCE: 4800 DZ

LEGAL MAIL ADDRESSED: OSCAR ACEVEDO, ESQ., 714 W. OLYMPIC BLVD. SUITE # 621 LA, CA 90015 MAILED WAS NOT RECIEVED AS GIVEN TO DEPUTY AND SEALED/SIGNED. PLEASE SEND LEGAL LOG OR MAIL

*If needed, additional space is provided on the back of this page*

- ☐ In the event I am released prior to the disposition of this grievance, I waive my right to receive a mailed notification of the resolution.
- ☐ In the event I am released prior to the disposition of this grievance, I would like to receive a mailed notification of the resolution.

Mailing address _____ City _____ State _____ ZIP _____ Phone (___) _____

**Attention:** Conflict Resolution may be available and is voluntary for both the inmate and the involved personnel to address a grievance instead of the Department conducting a personnel investigation and determining a finding to resolve the grievance.

Inmate's Signature: *Romo*
X

---------- FOR DEPARTMENT USE ONLY – DO NOT WRITE BELOW THIS LINE ----------

| Employee Receiving Grievance | Employee # | Date and Time of Collection and Review |
|---|---|---|
| SGT. DUCKWORTH | 484639 | TIME STAMP HERE |

*Watch commander notified of emergency grievance: _____ Name _____ Employee # _____ Date, Time.

This grievance ☐ was ☐ was not handled as an emergency. If not, please explain below.

**Note:** Any aspect of an emergency grievance determined to be non-emergent will be processed within the standard time frame.

If a disposition was rendered, please complete:

| FINDINGS | RELIEF | BRIEF SUMMARY OF ACTIONS TAKEN |
|---|---|---|
| ☐ SUSTAINED | ☐ GRANTED | REFER TO LEGAL |
| ☐ SUSTAINED IN PART | ☐ GRANTED IN PART | |
| ☐ NOT SUSTAINED | ☐ DENIED | |
| ☐ INCONCLUSIVE | ☐ RELIEF UNAVAILABLE | |

Full disposition shall be entered in the Custody Automated Report Tracking System (CARTS)

Inmate was notified of disposition/status/modification by: _____ (Supervisor), on _____ (Date/Time).

| Supervising Nurse Receiving Grievance | Employee # | Date and Time of Review |
|---|---|---|
| | | TIME STAMP HERE |

**FRONT PART 1 (WHITE COPY)**

SH-J-420 Rev. 05/16      White - Facility      Yellow – Inmate copy at time of disposition for an emergency grievance      Pink – Inmate copy at time of submission



Los Angeles County
Sheriff's Department

## eUDAL: Legal Mail Tracking
### #5730960 ROMO, EZEQUIEL
### 1/1/2022 ~ 8/4/2022

| Mail Type | Received On | Housing Loc | Addressed | Delivered / Mailed | Note |
|---|---|---|---|---|---|
| INCOMING | 6/21/2022 | 4800 / D / 0002 | OSCAR ACEVEDO ESQ 714 W OLYMPIC BLVD #621 LOS ANGELES CA 90015 | | |
| | 6/7/2022 | 1700 / A / 0002 | OSCAR ACEVEDO ESQ 714 W. OLYMPIC BL #621 LOS ANGELES CA 90012 | Rivera | |
| | 5/10/2022 | 1700 / A / 0002 | O. ACEVEDO, ESQ. 714 W. OMLYPIC BLVD. #621 LOS ANGELES, CA 90015 | Rivera 2022-05-11 Pena | |



**Los Angeles County**
**Sheriff's Department**

## eUDAL: Legal Mail Tracking
#5730960  ROMO, EZEQUIEL
1/1/2020 ~ 8/11/2020

| Mail Type | Received On | Housing Loc | Addressed | Delivered / Mailed |
|---|---|---|---|---|
| INCOMING | 7/28/2020 | 3100 / A / 0004 | LAW OFFICE OF JEROME J HAIG 21143 HAWTHORNE BLVD STE 454 TORRANCE CA 90503 | |
| OUTGOING | 7/22/2020 | 3100 / A / 0004 | ATTORNEY AT LAW JEROME J HAIG STE 454 21143 HAWTHORNE TORRANCE CA 90503 | Rivera 2020-07-22 CALDWELL |

Report Generated On: 8/11/2020 4:43:14 AM

**COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT**
**NOTIFICATION OF DISPOSITON**

**REFERENCE #: 5100-2022-0803-316**

**INFORMATION:**

☐  **Handle as an emergent.**

| Booking | Last | | First | Middle |
|---|---|---|---|---|
| 5730960 | ROMO | | EZEQUIEL | |
| Facility | Housing Location | | Date of Collection | |
| CJ | 4800 D 0002 | | 08/03/2022 | |

| Requesting to Speak With | Requesting for Service | Grievance |
|---|---|---|
| | | Mail |

Request or Grievance Details:
Inmate states that his legal mail he sent out to Oscar Acevedo was not received and he wants a copy of his legal mail log.

**DISPOSITION:**

Complaint Type

<u>Mail</u>

| Findings | Relief |
|---|---|
| Inconclusive ✔ | Relief Unavailable ✔ |

**Comments**

Per MCJ Unit Order, the Legal Mail custody assistants are not required to maintain an outgoing legal mail log. CA Pena gave Inmate Romo an incoming legal mail log.

**REVIEWED BY:**

460256          Galvan

523966          Larson

Inmate Rights Regarding the Appeal Process:
- Inmates may only submit one (1) appeal per grievance.
- An appeal shall be submitted on the appropriate appeal form, which will be provided to the inmate by custody personnel when delivering the notification of the disposition of a grievance or appeal.
- Inmates who are unable to fill out the appeal form may ask personnel for assistance.
- An appeal by an inmate must be submitted within fifteen (15) calendar days of receiving a written disposition regarding the grievance, or the appeal will be denied.
- Inmates will be advised in writing by a supervisor the result of an appeal within <u>15</u> calendar days of the appeal submission.

New issues raised by an inmate on an appeal form will not be addressed, and any decision rendered will pertain only to the present appeal issue.

**REFERENCE #: 5100-2022-0803-316**

| Conflict Resolution may be available and is voluntary for both the inmate and the involved personnel to address a grievance instead of the Department conducting a personnel investigation and determining a finding to resolve the grievance. | | |
|---|---|---|
| Inmate's Signature: | Booking #: 5730960 | Date: 8-5-22 |

SH-J-420                                         5100-2022-0803-316

CALIFORNIA

# After 18 years in prison, he took over his old L.A. gang. A string of murders followed



Ezequiel Romo, photographed in his cell at Centinela State Prison, continued to run Blythe Street from behind bars. (Los Angeles Superior Court)

BY MATTHEW ORMSETH | STAFF WRITER

MAY 2, 2023 5 AM PT

FOR SUBSCRIBERS



5:23



The Story of Ezequ...

reddit.com

  Use App

r/CaliConnection 3 days ago
by Fabulous_Tear_9306

Join

# The Story of Ezequiel Romo: Blythe Street 13 Monster



⬆ 12 ⬇        💬 0        ⬆ Share

u/ArmyNationalGuard · Promoted

WORK FULL-TIME.
SERVE
PART-TIME.

A part-time commitment to the National Guard means you can work while you serve.

nationalguard.com          Learn More

+ Add a Comment

 Be the first to comment

*45,132 views as of 9/28/23*

## Images    News    Videos    Shopping

Aug 10, 2022 — ... Mexican Mafia, according to police reports filed in Superior Court ... Romo has pleaded no...

🌐 mexican-mafia-leader-killed....     ⋮
https://mexican-mafia-leader-killed...

# Mexican Mafia Leader Killed

Ezequiel Romo, photographed in his cell at Centinela State Prison, continued to run Blythe Street from. California Board...

🌐 vvalshuui.pez-bildung.de     ⋮
https://vvalshuui.pez-bildung.de

# 14th Street Gang

On Ezequiel Romo's orders, members of his gang, Blythe Street ... They are allies with the Mexican Mafia and Surenos,...

🌐 mexican-mafia-leader-killed....     ⋮
https://mexican-mafia-leader-killed...

# Mexican Mafia Leader Killed



✳ Discover     🔍 Search     🔖 Saved

COUNTY OF LOS ANGELES

# SHERIFF'S DEPARTMENT

*"A Tradition of Service Since 1850"*

## *Threat Advisory - Waiver of Protective Custody*

Date: **8-21-23** Location: **3500**

I, Inmate **LOMO, EZEQUIEL** Booking # **5730960**.

Have been advised by Deputy **SILVA** Emp# **629509**

The following:

- Jail staff has informed me that **MY PERSONAL SAFETY IS AT RISK** if I am housed in general population housing, and I have been offered the opportunity to be placed in protective custody housing.

- I hereby **KNOWINGLY and VOLUNTARILY CHOOSE <u>NOT</u> TO BE PLACED IN PROTECTIVE CUSTODY HOUSING AT THIS TIME**.

- I am not aware of any enemies among the inmate population, and I do not believe I am in any danger.

- I specifically understand that I may be **<u>KILLED or SERIOUSLY INJURED</u>** by other inmates if I am housed in the general inmate population, and **I FREELY AND KNOWINGLY CHOOSE TO <u>ASSUME FULL RESPONSIBILITY</u> FOR THAT RISK WITHOUT RESERVATION OR DOUBTS**.

- On behalf of myself, my heirs, my representatives, executors, administrators, successors and assigns, I hereby **RELEASE AND FOREVER DISCHARGE** the County of Los Angeles, its Special Districts, its elected and appointed officials, executives, servants, officers, employees, directors, agents, volunteers, subsidiaries, successors, and attorneys from **ANY AND ALL LIABILITY** (including constitutional or civil rights claims, allegations of statutory violations, tortious or negligent misconduct, or any other claims, damages, medical expenses (after release from County custody) or attorneys' fees which may arise, whether directly or indirectly) for any injury to my person or my death as a result of attack by other inmates while housed in general population housing.

- This waiver will remain in effect until I revoke it.

COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

## *Threat Advisory - Waiver of Protective Custody*

Date: **8.4.23** Location: **2400**

I, Inmate **Ezequiel Romo** Booking # **57-30960**,

Have been advised by Deputy **B.n** Emp# **624957**

The following:

- Jail staff has informed me that **MY PERSONAL SAFETY IS AT RISK** if I am housed in general population housing, and I have been offered the opportunity to be placed in protective custody housing.

- I hereby **KNOWINGLY and VOLUNTARILY CHOOSE <u>NOT</u> TO BE PLACED IN PROTECTIVE CUSTODY HOUSING AT THIS TIME**.

- I am not aware of any enemies among the inmate population, and I do not believe I am in any danger.

- I specifically understand that I may be **<u>KILLED or SERIOUSLY INJURED</u>** by other inmates if I am housed in the general inmate population, and **I FREELY AND KNOWINGLY CHOOSE TO <u>ASSUME FULL RESPONSIBILITY</u> FOR THAT RISK WITHOUT RESERVATION OR DOUBTS**.

- On behalf of myself, my heirs, my representatives, executors, administrators, successors and assigns, I hereby **RELEASE AND FOREVER DISCHARGE** the County of Los Angeles, its Special Districts, its elected and appointed officials, executives, servants, officers, employees, directors, agents, volunteers, subsidiaries, successors, and attorneys from **ANY AND ALL LIABILITY** (including constitutional or civil rights claims, allegations of statutory violations, tortious or negligent misconduct, or any other claims, damages, medical expenses (after release from County custody) or attorneys' fees which may arise, whether directly or indirectly) for any injury to my person or my death as a result of attack by other inmates while housed in general population housing.

- This waiver will remain in effect until I revoke it.



COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

- **I MAY REVOKE THIS WAIVER AT ANY TIME** by contacting a Jail Liaison Deputy, or other Custody staff.

- I have been advised to consult with my attorney before signing this waiver.

- By signing this waiver I certify that I fully understand it and no one has coerced me or persuaded me to make this decision. I am not being forced to make this decision and I am not making this decision under duress.

- I expressly agree that this waiver shall be interpreted under the laws of the State of California and that if any portion of it is held invalid or unenforceable, the remainder of this waiver shall nevertheless continue in full legal force and effect.

Inmate: _____ (Signature)     Date: 8/4/23

Deputy: _____ (Signature)     Date: 8/4/23

Witness: _____ (Signature)     Date: 8/4/23

Comments: GP CERTIFIED

Approved: _____     Date: 8/10/23

NO GP RE THREAT



COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

## *Custody Operations*
## *Threat Advisory - Waiver of Protective Custody*

Date: 4|29|2020  Location: OSJ OFFICE - MCJ

I, Inmate ___EZEQUIEL Romo___    Booking # 5730960 ,

Have been advised by Deputy ___BECERRA___    Emp# 607250

The following:

- Jail staff has informed me that **MY PERSONAL SAFETY IS AT RISK** if I am housed in general population housing, and I have been offered the opportunity to be placed in protective custody housing.

- I hereby **KNOWINGLY and VOLUNTARILY CHOOSE <u>NOT</u> TO BE PLACED IN PROTECTIVE CUSTODY HOUSING AT THIS TIME.**

- I am not aware of any enemies among the inmate population, and I do not believe I am in any danger.

- I specifically understand that I may be **<u>KILLED or SERIOUSLY INJURED</u>** by other inmates if I am housed in the general inmate population, and **I FREELY AND KNOWINGLY CHOOSE TO <u>ASSUME FULL RESPONSIBILITY</u> FOR THAT RISK WITHOUT RESERVATION OR DOUBTS.**

- On behalf of myself, my heirs, my representatives, executors, administrators, successors and assigns, I hereby **RELEASE AND FOREVER DISCHARGE** the County of Los Angeles, its Special Districts, its elected and appointed officials, executives, servants, officers, employees, directors, agents, volunteers, subsidiaries, successors, and attorneys from **ANY AND ALL LIABILITY** (including constitutional or civil rights claims, allegations of statutory violations, tortious or negligent misconduct, or any other claims, damages, medical expenses (after release from County custody) or attorneys' fees which may arise, whether directly or indirectly) for any injury to my person or my death as a result of attack by other inmates while housed in general population housing.

- This waiver will remain in effect until I revoke it.



COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

- **I MAY REVOKE THIS WAIVER AT ANY TIME** by contacting a Jail Liaison Deputy, or other Custody staff.

- I have been advised to consult with my attorney before signing this waiver.

- By signing this waiver I certify that I fully understand it and no one has coerced me or persuaded me to make this decision. I am not being forced to make this decision and I am not making this decision under duress.

- I expressly agree that this waiver shall be interpreted under the laws of the State of California and that if any portion of it is held invalid or unenforceable, the remainder of this waiver shall nevertheless continue in full legal force and effect.

Inmate: _____    Date: 4-29-2020
(Signature)

Deputy: _____    Date: 4-29-2020
(Signature)

Witness: _____    Date: 4-29-20
(Signature)

Comments: _Good To Program General Population_

_____

_____

Approved: _____    Date: _____



COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

## *Threat Advisory - Waiver of Protective Custody*

Date: **4-30-20**    Location: **MCJ 5500**

I, Inmate **ROMO   EZEQUIEL**    Booking # **5730960**,

Have been advised by Deputy **BLEEK, P.**    Emp# **552100**

The following:

- Jail staff has informed me that **MY PERSONAL SAFETY IS AT RISK** if I am housed in general population housing, and I have been offered the opportunity to be placed in protective custody housing.

- I hereby **KNOWINGLY and VOLUNTARILY CHOOSE <u>NOT</u> TO BE PLACED IN PROTECTIVE CUSTODY HOUSING AT THIS TIME**.

- I am not aware of any enemies among the inmate population, and I do not believe I am in any danger.

- I specifically understand that I may be **<u>KILLED or SERIOUSLY INJURED</u>** by other inmates if I am housed in the general inmate population, and **I FREELY AND KNOWINGLY CHOOSE TO <u>ASSUME FULL RESPONSIBILITY</u> FOR THAT RISK WITHOUT RESERVATION OR DOUBTS**.

- On behalf of myself, my heirs, my representatives, executors, administrators, successors and assigns, I hereby **RELEASE AND FOREVER DISCHARGE** the County of Los Angeles, its Special Districts, its elected and appointed officials, executives, servants, officers, employees, directors, agents, volunteers, subsidiaries, successors, and attorneys from **ANY AND ALL LIABILITY** (including constitutional or civil rights claims, allegations of statutory violations, tortious or negligent misconduct, or any other claims, damages, medical expenses (after release from County custody) or attorneys' fees which may arise, whether directly or indirectly) for any injury to my person or my death as a result of attack by other inmates while housed in general population housing.

- This waiver will remain in effect until I revoke it.



COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

- **I MAY REVOKE THIS WAIVER AT ANY TIME** by contacting a Jail Liaison Deputy, or other Custody staff.

- I have been advised to consult with my attorney before signing this waiver.

- By signing this waiver I certify that I fully understand it and no one has coerced me or persuaded me to make this decision. I am not being forced to make this decision and I am not making this decision under duress.

- I expressly agree that this waiver shall be interpreted under the laws of the State of California and that if any portion of it is held invalid or unenforceable, the remainder of this waiver shall nevertheless continue in full legal force and effect.

Inmate: _____ (Signature)    Date: 4-30-20

Deputy: _BAREIS_ _#552100_____ (Signature)    Date: 4-30-20

Witness: _____ (Signature)    Date: 4-30-20

Comments: _Clear To Return To General Population_

Approved: _____    Date: 5/2/20

134

CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

## ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>NKSP-Central Service | INMATE'S NAME<br>ROMO, EZEQUIEL | CDC NUMBER<br>BV8821 |
|---|---|---|

### REASON(S) FOR PLACEMENT *(PART A)*

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY    ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On August 30, 2023, you, Inmate ROMO, BV8821, arrived at North Kern State Prison (NKSP) from Los Angeles County Sheriff's Department as a "New Felony Commitment" with a MAXIMUM (MAX) custody designation.

Specifically, you placed in the Administrative Segregation Unit (ASU) while housed at Los Aneles County Sheriff's Department pending investigation into your possible safety concerns. Therefore, based on the aforementioned coupled with your MAX custody designation, you present an immediate threat to the safety and security of the institution, others, and yourself. You will be housed in ASU pending Administrative Review or ICC decision to determine your appropriate program and housing needs based on your case factors. Due to this housing placement your credit earnings, privileges & visiting status are subject to change.

TABE Score: None noted in SOMS
DDP Participant: None noted in SOMS
Mental Health: GP
DPP Participant: None noted in SOMS
Housing Restrictions: None noted in SOMS
Physical Limitations: None noted in SOMS
Assisted devices/Durable Medical Equipment: None noted in SOMS

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU PLACEMENT<br>08/30/2023 | SEGREGATION AUTHORITY'S PRINTED NAME<br>C. Munoz | SIGNATURE<br>C. Munoz | TITLE<br>LT |
|---|---|---|---|

| DATE NOTICE SERVED<br>*1235* | TIME SERVED<br>*8/30/23* | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE<br>*C. Munoz* | SIGNATURE | STAFF'S TITLE<br>*CO* |
|---|---|---|---|---|

| ☒ INMATE REFUSED TO SIGN | | INMATE SIGNATURE | CDC NUMBER<br>BV8821 |
|---|---|---|---|

You were identified with a disability of:
☐ Hearing  ☐ Vision  ☐ Speech  ☐ Learning Disability  ☑ Reading Level <= 4.0/No Level  ☐ Developmental Disability  ☐ CCCMS  ☐ EOP
☐ Foreign Language Speaking

Method
☑ ROMO, EZEQUIEL reiterated in his own words, what was explained

☑ ROMO, EZEQUIEL provided appropriate, substantive responses to questions asked

☑ ROMO, EZEQUIEL asked appropriate questions regarding the information provided

☐ ROMO, EZEQUIEL did not appear to understand the communication, even though the primary method of communication was used

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

NKSP
Page 1 of 2

NOV 20 2023
APPEALS

| STAFF USE ONLY | OGT Log No: 43/621    Date Received: |
|---|---|
| | Decision Due Date: |
| | Categories: |

**Claimant Name:** Romo, Ezequiel          **CDCR #:** BJ4421

**Institution/Parole Region:** NKSP- Reception    **Current Housing/Parole Unit:** CTC 108L

**STAFF USE ONLY**

_Use this form to file a complaint with the Department._

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

On 8/30/23 appellant arrived at NKSP - placed on Adseg., based on LA county Jail subjects calling NKSP. Appellant was housed at LA county Jail August 2019 - August 30, 2023 without incident and no safety concerns or enemy concerns. § 3075.1 and § 3084.1 ex seq. On 9/7/23 classification committee requested a 90 day extension based on investigation and denial of non-disciplinary NDS - privileges appellant was cleared by WISEG 2016 and endorsed to Centinela State Prison 2016-2019 without incident. On 9/8/23 office of correctional safety (OCS) Sergeant Cortez; and Sgt. Ayala interviewed appellant and (Sgt) Cortez stated he knows appellant is not a member. On 10/30/23 Sgt. Ayala interviewed appellant based on pending classification 90 day extension and fabricated CDC 1030 based on L.A. Times article not deemed source being under § Title 15 § 3378, and failure and denial of transcribed alleged phone-calls dates and time § 3321.

*ADA Accessible*

**CALIFORNIA DEPARTMENT of**
## Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | ROMO, EZEQUIEL | **Date:** | 09/08/2023 |
| **CDC#:** | BV8821 | **Date of Birth:** | 04/27/1977 |
| **Control Date:** | LWOP | **Control Date Type:** | Minimum Eligible Parole Date |

| | | | |
|---|---|---|---|
| **Hearing Date:** | 09/07/2023 | **Hearing Type:** | Initial ASU |
| **Committee Type:** | Institution Cls. Committee (ASU/SHU/THU/PSU-ICC/DPU) | **Correctional Counselor:** | A. Gallardo |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

## COMMITTEE ACTION SUMMARY

RETAIN IN NKSP ASU PENDING SPECIAL ICC CBC, RC PROCESSING, AND IGI INTERVIEW/ESTABLISH MAX-S CUSTODY AND ESTABLSIH SINGLE CELL IEM-YARD /REFER TO CSR FOR 90 DAY ASU EXTENSION/WG-PG D1-U 08-30-23

## COMMITTEE COMMENTS

CLINICIAN REVIEW: LCSW J. Herrera noted Subject is not a participant in MHSDS. Subject has a documented Reading Level of 9.4 dated 08-03-17. Effective communication was established by using simple English in a slow and clear manner. Subject was able to reiterate what was being explained to her and asked appropriate questions. Subject was able to read the ASU rules aloud without difficulty and stated in her own words the reason for today's ICC. ICC elects to release the staff assistant the due to Subject as demonstrated literacy. Subject stated she was in good health and ready to proceed.

COMMITTEE NOTES: Inmate ROMO EZEQUIEL CDCR#BV8821 (Subject) appeared in person for an Initial ASU Review. Subject was introduced to Committee members. Subject was placed in ASU on 08-30-23 due possible safety concerns while housed at Los Angeles County Jail. IGI will be responsible for completion of Safety closure.

Subject is a validated Associate of the Mexican Mafia (EME) STG-I. All validation documents have been scanned in Subjects current ERMS file. ICC notes WSP ICC dated 09-29-16 completed an STG ICC CBC and elected to release from Administrative SHU term based on STG-I validation. CELL/YARD REVIEW: There is a temporary Single cell designation in SOMS. A review of the central file revealed no prior in cell misconduct or predatory behavior towards cell-mates. Subject's file does not reflect a pattern of predatory behavior toward cellmates. Per CDCR 128B-2 dated 12-13-11, Subject is a validated Associate of Mexican Mafia (EME) STG-I; AKA: "WICKED". ICC elects to establish Single cell due to pending Special ICC CBC, RC processing and IGI interview.

COMMITTEE ACTION: ICC ELECTS TO RETAIN IN NKSP ASU PENDING SPECIAL ICC CBC, RC PROCESSING, AND IGI INTERVIEW/ESTABLISH MAX-S CUSTODY AND ESTABLSIH SINGLE CELL IEM-YARD /REFER TO CSR FOR 90 DAY ASU EXTENSION/WG-PG D1-U 08-30-23

PREA: As a part Subject's classification review, Subject participated in the completion of the PREA Screening tool at NKSP, which included a review of all available documentation in SOMS and ERMS and a face to face interview. During Committee, the Chairperson reviewed the completed PREA Screening tool with the Subject and asked if she had any additional relevant information that should be considered for future housing and/or program/work assignments. Subject stated that she has no additional information.

Upon completion of ICC, Subject was able to explain Committee's actions in his own words, ensuring his understanding of committee's actions and recommendations. Subject was advised of appeal rights, as well as behavioral expectations.

IGI Sgt. Felix was present during ICC.
Subject stated "I signed a waiver of liability at L.A. county, I don't have safety concerns, I was in county for 4 years since 2019, all this is jail rumors, I haven't been stabbed and I haven't stabbed nobody or committed any acts of violence."

**RECORDER**

| A. Gallardo | 09/08/2023 |
| | Date |

**CHAIRPERSON**

| C. Waddle | 09/12/2023 |
| | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono

STATE OF CALIFORNIA
CDCR FORM 1030 STG (10/12)

DEPARTMENT OF CORRECTIONS
AND REHABILITATION

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: __BV8821__    INMATE NAME: __ROMO__    INSTITUTION: __NKSP__

1)     Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

        a) CDC Form 115, Rules Violation Report (log number _____ ),

        dated _____ submitted by _____(Staff Name & Title)_____.

        b) CDC Form 114-D, Order and Hearing for Placement in Segregated Housing dated ____08/30/2023 .

        c) Validation Package as a _____N/A_____ of the _____N/A_____ Security Threat Group.

2)     Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is reliable because:

    ☐ This source has previously provided confidential information, which has proven to be true.
    ☐ This source participated in and successfully completed a Polygraph examination.
    ☐ More than one source independently provided the same information.
    ☐ The information provided by the confidential source is self-incriminating.
    ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.
    ☒ Part of the information provided is corroborated through investigation or by information provided by non-confidential sources.
    ☐ Other (Explain) _____

3)     Disclosure of information received.
    **The information received indicated the following:**

Confidential Memorandum (CM) dated October 30, 2023, authored by North Kern State Prison (NKSP) Assistant Institutional Gang Investigator (AIGI) R. Ayala Angeles indicates the completed safety concerns investigation of inmate Ezequiel ROMO BV8821, **Wicked from Blythe Street a validated associate of the Security Threat Group (STG) I, Mexican Mafia (EME).** Based on recent Confidential Memorandums indicating ROMO was placed on disregard by EME leadership, an investigation, and telephone calls provided by Los Angeles County Sheriff's Department (LACSD) indicating ROMO has safety concerns stemming from Los Angeles County Jail (LACJ), telephone calls gathered through California Department of Corrections and Rehabilitation (CDCR) indicating ROMO has safety concerns for claiming to be an EME member and a news article identifying ROMO as an EME member. There is no information in Electronic Records Management System (ERMS) indicating ROMO has been able to clear up any transgressions from his past. Without documentation indicating Subject is back in good standing with the EME and/or has cleared up any issues from LACJ and his past, this IGI Unit affirms Subject may have safety concerns with EME associates/members and Sureños. Therefore, this IGI Unit concluded its investigation into information obtained from his ERMS file, County Staff information and NKSP Staff information. Based on all available information, it is recommended by this IGI Unit for Subject to be referred to ICC, where all case factors must be considered in order to be appropriately classified and processed to a facility suitable with his custody level and programming needs

**(If additional space is needed, attach another sheet.)**

STATE OF CALIFORNIA
CDCR FORM 1030 STG (10/12)

DEPARTMENT OF CORRECTIONS
AND REHABILITATION

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

4)    Type and current location of documentation. (i.e., CDC Form 128B of 5/15/2010 in the confidential section of the central file)

Confidential Memorandum dated October 30, 2023, authored by AIGI Officer R. Ayala Angeles is located within the Confidential Section of ROMO's ERMS file.

_____ AIGI         _____
STAFF SIGNATURE/TITLE                                    10/30/2023
                                                          DATE DISCLOSED

DISTRIBUTION:  WHITE—Central File;    GREEN--Inmate;    YELLOW—Institutional Use

CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

## RESTRICTED HOUSING UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>NKSP-Central Service | INMATE'S NAME<br>ROMO, EZEQUIEL | CDC NUMBER<br>BV8821 |
|---|---|---|

### REASON(S) FOR PLACEMENT (PART A)

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY    ☐ RETAINED IN RHU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On August 30, 2023, you, inmate ROMO, BV8821, arrived at North Kern State Prison (NKSP) from Los Angeles County Sheriff's Department (LACSD) as a New Felony Commitment with a MAXIMUM (MAX) custody designation.

Specifically, while housed at Los Aneles County Jail (LACJ), you were placed in the Restricted Housing Unit (RHU) pending an investigation into your possible safety concerns. Therefore, based on the aforementioned information coupled with your MAX custody designation, you present an immediate threat to the safety and security of the institution, others, and yourself. You will be housed in RHU pending Administrative Review or ICC decision to determine your appropriate program and housing needs based on your case factors. Due to this housing placement your credit earnings, privileges & visiting status are subject to change.

On September 7, 2023, ICC elected to retain you pending case by case review and Institutional Gang Investigations (IGI) Unit interview. On October 30, 2023, NKSP concluded a safety concern investigation pertaining to ROMO. (Refer to Confidential Memorandum dated October 30, 2023, authored by AIGI R. Ayala Angeles) Based on the investigation it was determined there was a substantial amount of information indicating ROMO may have safety concerns with the Security Threat Group I (STG-I) Mexican Mafia (EME). Specifically, in August 2023, while housed at LACJ you were rehoused in a Segregation housing unit for possible safety concerns, subsequently transferring to CDCR custody prior to the investigation being completed by LACJ. A review of your ERMS file was completed and it contains multiple Confidential Memorandums indicating you may be targeted for assault by the EME. Based on information gathered from ERMS, LACJ and Reliable Informants, NKSP IGI determined you have not been able to clear past transgressions which have caused you to have possible safety concerns. If new information becomes available, it is recommended your case factors be reevaluated an IGI Unit.

TABE Score: None noted in SOMS
DDP Participant: None noted in SOMS
Mental Health: GP
DPP Participant: None noted in SOMS
Housing Restrictions: None noted in SOMS
Physical Limitations: None noted in SOMS
Assisted devices/Durable Medical Equipment: None noted in SOMS

☑ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED: 10/30/2023

| DATE OF RHU PLACEMENT<br>08/30/2023 | AUTHORITY'S PRINTED NAME<br>J. Felix | SIGNATURE<br>J. Felix | TITLE<br>Lieutenant (A) |
|---|---|---|---|

| DATE NOTICE<br>SERVED<br>11/02/2023 | TIME<br>SERVED<br>09:00:00 | PRINTED NAME OF STAFF SERVING<br>RHU PLACEMENT NOTICE<br>J. FELIX | SIGNATURE | STAFF'S<br>TITLE<br>Lieutenant (A) |
|---|---|---|---|---|

| ☒ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER<br>BV8821 |
|---|---|---|

You were identified with a disability of:
☐ Hearing  ☐ Vision  ☐ Speech  ☐ Learning Disability  ☐ Reading Level <= 4.0/No Level  ☐ Developmental Disability  ☐ CCCMS  ☐ EOP
☐ Foreign Language Speaking

Method

**COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT**
**NOTIFICATION OF DISPOSITON**

**REFERENCE #: 5100-2020-0122-218**

**INFORMATION:**

☐ **Handle as an emergent.**

| Booking | Last | | First | Middle |
|---|---|---|---|---|
| 5730960 | ROMO | | EZEQUIEL | |
| Facility | Housing Location | | Date of Collection | |
| CJ | 3100 A 0006 | | 01/18/2020 | |

| Requesting to Speak With | Requesting for Service | Grievance |
|---|---|---|
| | | Classification |

Request or Grievance Details:
Inmate is stating that he was moved from NCCF and reclassified as a k-10 inmate. Inmate is requesting to be reclassified and moved back to general population.

**DISPOSITION:**

Complaint Type
<u>Housing Location /
Reclassification</u>

| Findings | Relief |
|---|---|
| Not Sustained ▼ | Denied ▼ |

**Comments**
Per Jail liaison you are housed according to your classification.

**REVIEWED BY:**

| 439201 | Steinert |
|---|---|
| 616644 | Marquez |

Inmate Rights Regarding the Appeal Process:
- Inmates may only submit one (1) appeal per grievance.
- An appeal shall be submitted on the appropriate appeal form, which will be provided to the inmate by custody personnel when delivering the notification of the disposition of a grievance or appeal.
- Inmates who are unable to fill out the appeal form may ask personnel for assistance.
- An appeal by an inmate must be submitted within fifteen (15) calendar days of receiving a written disposition regarding the grievance, or the appeal will be denied.
- Inmates will be advised in writing by a supervisor the result of an appeal within <u>**15**</u> calendar days of the appeal submission.

New issues raised by an inmate on an appeal form will not be addressed, and any decision rendered will pertain only to the present appeal issue.

**REFERENCE #: 5100-2020-0122-218**

| Conflict Resolution may be available and is voluntary for both the inmate and the involved personnel to address a grievance instead of the Department conducting a personnel investigation and determining a finding to resolve the grievance. | | |
|---|---|---|
| Inmate's Signature:<br>*Romo Ezequiel* | Booking #:<br>5730960 | Date:<br>1-24-20 |

SH-J-420                                                    5100-2020-0122-218

## COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## NOTIFICATION OF DISPOSITON

**REFERENCE #: 5100-2020-0723-276**

**INFORMATION:**

☑ **Handle as an emergent.**

| Booking | Last | First | Middle |
|---|---|---|---|
| 5730960 | ROMO | EZEQUIEL | |
| Facility | Housing Location | Date of Collection | |
| CJ | 3100 A 0004 | 07/21/2020 | |

| Requesting to Speak With | Requesting for Service | Grievance |
|---|---|---|
| | | Classification |

Request or Grievance Details:
Inmate is requesting to be released back into general population. Inmate states there is no safety concerns/ no enemies or staff problems.

**DISPOSITION:**

Complaint Type
<u>Housing Location /
Reclassification</u>

| Findings | Relief |
|---|---|
| Not Sustained | Denied |

## Comments

Per Jail liaison inmate Romo is currently not eligible for declassification. He should become eligible some time after October.

## REVIEWED BY:

| 404914 | Bonner |
|---|---|
| 616644 | Marquez |

Inmate Rights Regarding the Appeal Process:
* Inmates may only submit one (1) appeal per grievance.
* An appeal shall be submitted on the appropriate appeal form, which will be provided to the inmate by custody personnel when delivering the notification of the disposition of a grievance or appeal.
* Inmates who are unable to fill out the appeal form may ask personnel for assistance.
* An appeal by an inmate must be submitted within fifteen (15) calendar days of receiving a written disposition regarding the grievance, or the appeal will be denied.
* Inmates will be advised in writing by a supervisor the result of an appeal within <u>15</u> calendar days of the appeal submission.

New issues raised by an inmate on an appeal form will not be addressed, and any decision rendered will pertain only to the present appeal issue.

**REFERENCE #: 5100-2020-0723-276**

| Conflict Resolution may be available and is voluntary for both the inmate and the involved personnel to address a grievance instead of the Department conducting a personnel investigation and determining a finding to resolve the grievance. | | |
|---|---|---|
| Inmate's Signature: | Booking #:<br>5730960 | Date: |

## COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## GRIEVANCE APPEAL STATUS NOTIFICATION

**REFERENCE #: 5100-2020-0723-276**

**GRIEVANCE INFORMATION:**

| Booking | Last | First | Middle |
|---|---|---|---|
| 5730960 | ROMO | EZEQUIEL | |
| Facility | Housing Location | | Response Due By |
| CJ | 3100 A 0004 | | 08/09/2020 |

| Requesting to Speak With | Requesting for Service | Grievance |
|---|---|---|
| | | Classification |

Grievance Details:
Inmate is requesting to be released back into general population. Inmate states there is no safety concerns/ no enemies or staff problems.

**APPEAL LEVEL 1 STATUS:**

**Status:**

**Denied**

**Comments:**

Per MCJ Jail Liaison, you are not eligible for declass until October 2020.

**Status Notification Issued By:**          **Employee #**

Dungca                                         507203

**REFERENCE #: 5100-2020-0723-276**

| Inmate's Signature: | Booking #: 5730960 | Date: 8.5.20 |
|---|---|---|

*

## COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## GRIEVANCE APPEAL STATUS NOTIFICATION

**REFERENCE #: 5100-2020-0723-276**

**GRIEVANCE INFORMATION:**

| Booking | Last | First | Middle |
|---|---|---|---|
| 5730960 | ROMO | EZEQUIEL | |
| Facility | Housing Location | | Response Due By |
| CJ | 3100 A 0004 | | 08/15/2020 |

| Requesting to Speak With | Requesting for Service | Grievance |
|---|---|---|
| | | Classification |

Grievance Details:
Inmate is requesting to be released back into general population. Inmate states there is no safety concerns/ no enemies or staff problems.

**APPEAL LEVEL 2 STATUS:**

**Status:**
**Denied**

**Comments:**
I concur

**Status Notification Issued By:**        **Employee #**
Dungca                                     507203

**REFERENCE #: 5100-2020-0723-276**

| Inmate's Signature: | Booking #: | Date: |
|---|---|---|
| *Romo* | 5730960 | 8·18·20 |

**

**COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT**
**NOTIFICATION OF DISPOSITON**

**REFERENCE #: 5100-2020-1005-313**

**INFORMATION:**

☐ **Handle as an emergent.**

| Booking | Last | First | Middle |
|---|---|---|---|
| 5730960 | ROMO | EZEQUIEL | |
| Facility | Housing Location | Date of Collection | |
| CJ | 3500 C 0020 | 10/03/2020 | |
| Requesting to Speak With | Requesting for Service | Grievance Classification | |

Request or Grievance Details:
Inmate is stating during yard he was notified he was cleared to be housed in module 4800. Inmate states he was rehoused in 3500 classified as K10 after declassed on 9/15/2020. Inmate states this violates his rights.

**DISPOSITION:**

Complaint Type
<u>Housing Location /</u>
<u>Reclassification</u>

| Findings | Relief |
|---|---|
| Not Sustained | Denied |

**Comments**
Per jail liaison you are classified appropriately.

**REVIEWED BY:**

410044                    Aguilar

616644                    Marquez

Inmate Rights Regarding the Appeal Process:
- Inmates may only submit one (1) appeal per grievance.
- An appeal shall be submitted on the appropriate appeal form, which will be provided to the inmate by custody personnel when delivering the notification of the disposition of a grievance or appeal.
- Inmates who are unable to fill out the appeal form may ask personnel for assistance.
- An appeal by an inmate must be submitted within fifteen (15) calendar days of receiving a written disposition regarding the grievance, or the appeal will be denied.
- Inmates will be advised in writing by a supervisor the result of an appeal within **15** calendar days of the appeal submission.

New issues raised by an inmate on an appeal form will not be addressed, and any decision rendered will pertain only to the present appeal issue.

**REFERENCE #: 5100-2020-1005-313**

| Conflict Resolution may be available and is voluntary for both the inmate and the involved personnel to address a grievance instead of the Department conducting a personnel investigation and determining a finding to resolve the grievance. | | |
|---|---|---|
| Inmate's Signature: *Romo* | Booking #: 5730960 | Date: 10·7·20 |

SH-J-420                              5100-2020-1005-313

**COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT**
**NOTIFICATION OF DISPOSITON**

**REFERENCE #: 5100-2020-1014-373**

**INFORMATION:**

☐ **Handle as an emergent.**

| Booking | Last | First | Middle |
|---|---|---|---|
| 5730960 | ROMO | EZEQUIEL | |
| Facility | Housing Location | Date of Collection | |
| CJ | 1750 F 0002 | 10/12/2020 | |

| Requesting to Speak With | Requesting for Service | Grievance |
|---|---|---|
| | To be rehoused or reclassified | |

Request or Grievance Details:
Inmate is requesting to be declassed to GP.

**DISPOSITION:**

| Complaint Type | Disposition |
|---|---|
| Housing Location / Reclassification | Denied |

**Comments**
Per Jail Liaison, you will not be declassed and will remain a K-19.

**REVIEWED BY:**

| 532702 | Tipton |
|---|---|

**REFERENCE #: 5100-2020-1014-373**

| Conflict Resolution may be available and is voluntary for both the inmate and the involved personnel to address a grievance instead of the Department conducting a personnel investigation and determining a finding to resolve the grievance. | | |
|---|---|---|
| Inmate's Signature: | Booking #: 5730960 | Date: |

SH-J-420                                    5100-2020-1014-373

## COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## GRIEVANCE APPEAL STATUS NOTIFICATION

**REFERENCE #: 5100-2020-1005-313**

**GRIEVANCE INFORMATION:**

| Booking | Last | First | Middle |
|---|---|---|---|
| 5730960 | ROMO | EZEQUIEL | |

| Facility | Housing Location | Response Due By |
|---|---|---|
| CJ | 1750 F 0002 | 10/29/2020 |

| Requesting to Speak With | Requesting for Service | Grievance Classification |
|---|---|---|
| | | |

Grievance Details:
Inmate is stating during yard he was notified he was cleared to be housed in module 4800. Inmate states he was rehoused in 3500 classified as K10 after declassed on 9/15/2020. Inmate states this violates his rights.

**APPEAL LEVEL 1 STATUS:**

**Status:**
**Denied**

**Comments:**
Per MCJ Jail Liaison, you were interviewed on 10/01/20 and given direction to your declass process. You will be up for review at the November 2020 panel and be recommended for general population.

| **Status Notification Issued By:** | **Employee #** |
|---|---|
| Dungca | 507203 |

**REFERENCE #: 5100-2020-1005-313**

| Inmate's Signature: | Booking #: | Date: |
|---|---|---|
| *[signature]* | 5730960 | 10-19-20 |

*

## COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## NOTIFICATION OF DISPOSITON

**REFERENCE #: 5100-2020-1231-335**

**INFORMATION:**

☐ **Handle as an emergent.**

| Booking | Last | First | Middle |
|---------|------|-------|--------|
| 5730960 | ROMO | EZEQUIEL | |
| Facility | Housing Location | Date of Collection | |
| CJ | 1750 F 0002 | 12/29/2020 | |
| Requesting to Speak With | Requesting for Service | Grievance | |
| | | Other | |

Request or Grievance Details:
Inmate states an inmate request was never answered under ref # 5100-2020-1005-13. Inmate states there was a failure to provide meaningful administrative review.

**DISPOSITION:**

Complaint Type
<u>Inmate Information Systems</u>

| Findings | Relief |
|----------|--------|
| Not Sustained ▼ | Denied ▼ |

**Comments**
Your grievance 5100-2020-1005-313 was answered and you were provided with a copy of the disposition.

**REVIEWED BY:**

| 439201 | Steinert |
|--------|----------|
| 616644 | Marquez |

Inmate Rights Regarding the Appeal Process:
- Inmates may only submit one (1) appeal per grievance.
- An appeal shall be submitted on the appropriate appeal form, which will be provided to the inmate by custody personnel when delivering the notification of the disposition of a grievance or appeal.
- Inmates who are unable to fill out the appeal form may ask personnel for assistance.
- An appeal by an inmate must be submitted within fifteen (15) calendar days of receiving a written disposition regarding the grievance, or the appeal will be denied.
- Inmates will be advised in writing by a supervisor the result of an appeal within **15** calendar days of the appeal submission.

New issues raised by an inmate on an appeal form will not be addressed, and any decision rendered will pertain only to the present appeal issue.

**REFERENCE #: 5100-2020-1231-335**

| Conflict Resolution may be available and is voluntary for both the inmate and the involved personnel to address a grievance instead of the Department conducting a personnel investigation and determining a finding to resolve the grievance. | | |
|---|---|---|
| Inmate's Signature: | Booking #: 5730960 | Date: |

SH-J-420                                          5100-2020-1231-335

## COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT
## GRIEVANCE APPEAL STATUS NOTIFICATION

**REFERENCE #: 5100-2020-1231-335**

**GRIEVANCE INFORMATION:**

| Booking | Last | First | Middle |
|---|---|---|---|
| 5730960 | ROMO | EZEQUIEL | |
| Facility | Housing Location | | Response Due By |
| CJ | 1750 F 0002 | | 01/26/2021 |

| Requesting to Speak With | Requesting for Service | Grievance |
|---|---|---|
| | | Other |

Grievance Details:

Inmate states an inmate request was never answered under ref # 5100-2020-1005-13. Inmate states there was a failure to provide meaningful administrative review.

**APPEAL LEVEL 1 STATUS:**

**Status:**

**Denied**

**Comments:**

Per MCJ Jail Liaison, you were reviewed by the RHCP and they decided you should not be declassified and you were reaffirmed as a K-19.

| **Status Notification Issued By:** | **Employee #** |
|---|---|
| Dungca | 507203 |

**REFERENCE #: 5100-2020-1231-335**

| Inmate's Signature: | Booking #: 5730960 | Date: |
|---|---|---|
| | | |

*



Edgquiel Alanis VA4022
NKSP-DIE AD SEG 2491L
P.O. Box 5005
Delano , CA 93216



RECEIVED
CLERK, U.S. DISTRICT COURT

DEC 26 2023

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

ATN. Clerk.

United States District Court
255 East Temple St. Suite Ts-134
Los Angeles, CA 90012

Legal Mail

12/19/23