UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEQUIEL ROMO,<br><br>              Plaintiff,<br><br>   v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>              Defendants. | Case No. CV 23-10864 WDK (PVC)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      This Report and Recommendation is submitted to the Honorable William D. Keller, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## INTRODUCTION

      Ezequiel Romo ("Plaintiff"), a state prisoner proceeding *pro se*, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on December 26, 2023. ("Complaint," Dkt. No. 1). On February 9, 2024, Plaintiff filed an Amended Complaint. ("Am. Compl.," Dkt. No. 5). On February 20, 2024, Plaintiff filed a Request to Proceed Without Prepayment

of Filing Fees.  (Dkt. No. 6).  The Court denied the request because Plaintiff's account balance of $1,848.81 demonstrated he could pay the full filing fee of $405.  (Dkt. No. 7).  On February 26, 2024, the Court ordered Plaintiff to pay the full filing fee within 30 days.  (*Id.*).  The Court further warned Plaintiff that if he failed to pay the full filing fee within 30 days, his "case will be DISMISSED without prejudice."  (*Id.*).  On May 7, 2024, the Court issued an Order of Dismissal because Plaintiff failed to pay the filing fees.  (Dkt. No. 9).

On May 20, 2024, Plaintiff filed a Motion to Amend or Alter Judgment under Rule 59(e).  ("Motion," Dkt. No. 10).  On June 6, the District Judge referred the Motion to the undersigned Magistrate Judge.  (Dkt. No. 11).  For the reasons stated below, it is recommended that the Motion be DENIED.

## II.

## DISCUSSION

### A. **Applicable Federal Law**

Federal Rule of Civil Procedure 59(e) provides in its entirety: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  The Ninth Circuit instructs that "[s]ince specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.  However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); *see also Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016) ("altering or amending a judgment under Rule 59(e) is an 'extraordinary remedy'" available only in limited circumstances).  Motions for reconsideration are disfavored.  *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581,

582 (D. Ariz. 2003). Nonetheless, the Rule may serve a useful function in the proper case because it "permits, if not encourages, a district court to correct its own clear errors. Conservation of judicial resources supports a court's confessing error before the issue reaches [the court of appeals]." *Kaufman v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022).

Rule 59(e) is intended to afford relief to parties only in "highly unusual circumstances." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion to alter or amend judgment under Rule 59(e) may be granted only where "1) the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based*, 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Hiken v. Department of Defense*, 836 F.3d 1037, 1043 (9th Cir. 2016) (internal quotation marks and citation omitted; emphasis in original). According to the Ninth Circuit, "clear error" under Rule 59(e) is very different from "ordinary error." The remedy for a party who believes the court has committed "ordinary error" is an appeal to the circuit court, not a motion to alter or amend judgment under Rule 59(e). *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999). In keeping with that strict standard, a Rule 59(e) motion is not an opportunity for a party to get a "second bite at the apple" in order to re-argue an issue already presented to the court or to raise new arguments that could have been raised in the original briefs. *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (a Rule 59(e) motion may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"); *accord Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Nor should a motion for reconsideration be used to ask the court to rethink what it has already thought through. *Motorola*, 215 F.R.D. at 582.

In this District, Rule 59(e) is applied in conjunction with Local Rule 7-18. Pursuant to the Local Rule, a motion for reconsideration may be made only on the grounds of "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. L.R. 7-18; *see also TYR Sport, Inc. v. Warnaco Swinwear, Inc.*, 709 F. Supp. 2d 821, 839 (C.D. Cal. 2010) (applying L.R. 7-18 to Rule 59(e) motion to amend judgment).

B. **Analysis**

Plaintiff argues that relief under Rule 59(e) is warranted because there has been a mistake of fact regarding his alleged failure to pay the filing fees. (Motion at 2-3). Plaintiff contends he paid the filing fees in a timely manner under the "prison mailbox rule,"[1] because "on February 5, 2024[,] all legal documents were handed over to [prison] staff to comply with [the] court['s] order [to pay the filing fees]." (Motion at 3); *see Hiken*, 836 F.3d at 1043 (a motion to alter or amend judgment under Rule 59(e) may be granted if the moving party establishes there was a mistake of fact or law).

Here, there is no evidence that Plaintiff paid the filing fees in a timely manner. The Court has not received any documents demonstrating that Plaintiff complied with the Court's order to pay the filing fees. Nor does the Court have any records of receiving

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

payment of the filing fees.  Therefore, Petitioner's Motion to Amend or Alter Judgment under Rule 59(e) should be denied.

## III.
## RECOMMENDATION

For the reasons discussed above, IT IS RECOMMENDED that the District Court issue an Order: (1) accepting this Report and Recommendation and (2) denying the Motion to Amend or Alter Judgment under Rule 59(e).

DATED:  July 9, 2024

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE